CATHOLIC WAR VETERANS OF the UNITED STATES, INC. (New York State Department), The Rabbinical Alliance of America, Inc., Andrew J. McCauley, and Citizens Against Sacrilege in the Media, Inc., Plaintiffs,

v.

The CITY OF NEW YORK, Mayor Edward I. Koch, individually and as Mayor of the City of New York, The Mayor's Office of the City of New York, The Police Department of the City of New York, "John Doe", the Name "John Doe" Being Fictitious, the Real Name of the Defendant Being Unknown to Plaintiffs, Said Fictitious Name Being Intended to Describe and Designate the President of the Christopher Street Liberation Day Committee, and Dignity/New York, Inc., Defendants.

No. 83 Civ. 3606 (RJW).

United States District Court, S.D. New York.

June 15, 1983.

---

A. Lawrence Washburn, Jr., New York City, for plaintiffs.

Teitelbaum & Hiller, P.C., New York City, William Hibsher, New York City, of counsel and Lambda Legal Defense & Education Fund, Inc., New York City, for defendants Doe and Dignity/New York, Inc.

Frederick A.O. Schwartz, Jr., Corp. Counsel of the City of New York, New York City, for defendants City of New York, Mayor Koch, and New York City Police Dept.; David Drueding, New York City, of counsel.

## DECISION

ROBERT J. WARD, District Judge.

For the last thirteen years, annual demonstrations have been held in New York City by members and supporters of the city's homosexual community. Among these demonstrations is an annual parade, called the "Lesbian and Gay Liberation March" (the "parade"). The parade is apparently also popularly known as the "Gay Pride Parade." According to its organizers, the parade is held "to express publicly and openly the political goals of the gay rights movement and to celebrate gay pride." The parade is described as part of a broad political and social movement advocating diverse points of view.

Plaintiffs in the instant lawsuit are three not-for-profit corporations, and one individual, Andrew J. McCauley. The corporate plaintiffs are the Catholic War Veterans of the United States, Inc., the Rabbinical Alliance of America, Inc., and Citizens Against Sacrilege in the Media, Inc. Plaintiffs have brought suit against the City of New York, its mayor, and its police department (the "municipal defendants"), as well as some of the organizers of the parade (the "private defendants"). The organizers named as defendants are Dignity/New York, Inc., and Anthony Gambino (named in the amended complaint as John Doe) as president of the Christopher Street Liberation Day Committee.

The relief sought by plaintiffs is diverse. Primarily, plaintiffs seek to have the 1983 parade enjoined entirely, or in the alternative to have the parade enjoined from following a route that takes it past St. Patrick's Cathedral. In addition, plaintiffs ask the Court to enjoin or to declare illegal a wide variety of speech and behavior at the parade, and to issue various directives to the New York City Police Department regarding law enforcement at the parade. Finally, plaintiffs seek to have the record of the arrest of plaintiff McCauley at the 1981 parade on a charge of disorderly conduct expunged from the records of the Criminal Court of the City of New York.

The private defendants have now moved to dismiss the amended complaint pursuant to Rule 12(b)(6) Fed.R.Civ.P., for failure to state a claim upon which relief can be granted. Municipal defendants have to date neither answered the amended complaint nor moved to have it dismissed, although they have expressed "support" for the private defendants' motion to dismiss. For the reasons stated hereinafter, private defendants' motion is granted in part and denied in part. The Court does not consider it appropriate to dismiss the

complaint as to the municipal defendants on a motion by their private co-defendants. However, insofar as private defendants seek to have the amended complaint dismissed as to themselves, their motion is granted.

### Discussion

There are two reasons that plaintiffs' amended complaint fails to state a claim upon which relief can be granted. Either of them provides an adequate basis for this Court to dismiss the complaint as to the private defendants. First, plaintiffs have simply failed to state a cause of action. Second, the relief requested by plaintiffs would impermissibly infringe the First Amendment rights of the parade's participants to engage in peaceful and protected expression. There is no apparent reason that these defects in the amended complaint do not apply with equal effect to the claims asserted against both municipal and private defendants. As previously noted, however, the Court will confine its analysis at this date to the claims asserted against the private defendants.

■ Plaintiffs base their amended complaint on five federal statutes: 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1988. Section 1988 concerns only post-judgment attorneys' fees and creates no independent rights or basis for jurisdiction. Consequently, section 1988 need not be considered at this time. Two of the remaining four statutes are patently inapplicable to this case. Sections 1981 and 1982 of Title 42 guarantee to all citizens the same rights to equal protection of the laws, to hold and convey property, etc. "as is enjoyed by white persons." The courts have unambiguously held that these two statutes are exclusively directed at discrimination based on race, and do not address discrimination based upon religious affiliation. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968); *Georgia v. Rachel,* 384 U.S. 780, 791, 86 S.Ct. 1783, 1789, 16 L.Ed.2d 925 (1966); *Petrone v. City of Reading,* 541 F.Supp. 735 (E.D.Pa.1982); *Patel v. Holly House*

*Motels,* 483 F.Supp. 374, 382 (S.D.Ala.1979); *see also Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). Because the only discrimination alleged by plaintiffs is said to be on the basis of religious affiliation, sections 1981 and 1982 are wholly inapplicable. Any claims against private defendants based on those sections must therefore be dismissed.

■ The only claims that are even arguably colorable, then, are plaintiffs' claims under 42 U.S.C. §§ 1983 and 1985(3). The theory of plaintiffs' claims under these two statutes is that plaintiffs' constitutional and civil rights will be violated if this year's parade is allowed to take place. In regard to the private defendants, plaintiffs in effect charge that the organization and holding of the parade constitute a conspiracy to deprive plaintiffs or their members of their civil rights, based on their religious affiliations as Catholics and Jews. This alleged conspiracy is said to violate 42 U.S.C. § 1985(3). Plaintiffs charge the municipal defendants with "allowing, aiding, abetting and perpetrating the unlawful acts" attributed to private defendants, and thereby violating 42 U.S.C. § 1983.

The amended complaint fails to state a claim under sections 1983 and 1985(3) for a number of reasons. First, plaintiffs assert a dramatically overbroad interpretation of their own constitutional and civil rights, apparently assuming a right to be protected from speech and expression with which they disagree. Second, where plaintiffs have properly identified their constitutional and civil rights, they have failed to allege any reasonable link between the rights identified and the relief sought. The relief sought, furthermore, would impermissibly infringe upon private defendants' First Amendment rights to free speech and expression. Finally, plaintiffs have failed to demonstrate any sound basis for their assuming roles as guardians of St. Patrick's Cathedral.

In almost entirely conclusory terms, plaintiffs charge defendants with a variety

of illegal acts. These include intimidating and harassing Roman Catholics on the basis of their religious affiliation, rioting, and creating a situation that has been a danger to the public. The specific factual allegations found in the complaint, however, do not support plaintiffs' conclusory insinuations that defendants have conspired to commit any such illegal acts at the 1983 parade. Plaintiffs do allege that various individual participants in the parade have in past years committed isolated acts of public indecency and disruption. Utterly lacking, however, is any supported allegation that these acts were part of a conspiracy by defendants. The courts have consistently rejected vague, conclusory, or speculative allegations of conspiracy to commit wrongdoing as a basis for federal civil rights actions. *See Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir.1981); *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97, 107 (2d Cir.1981); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977); *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir.1964); *Legal Aid Society v. Association of Legal Aid Attorneys*, 554 F.Supp. 758, 766 (S.D.N.Y.1982). In addition, plaintiffs have failed to offer any basis for their conclusory allegation that defendants have been motivated by "invidiously discriminatory animus" against Catholics and Jews. The failure to offer any non-conclusory basis for inferring any such animus represents an additional reason that the complaint fails to state a claim under 42 U.S.C. § 1985(3). *See Griffin v. Breckenridge*, 403 U.S. 88, 96–102, 91 S.Ct. 1790, 1795–1798, 29 L.Ed.2d 338 (1971).

■ Plaintiffs have not only brought claims on their own behalf, but have charged that private defendants have in the past, and intend again at this year's parade, to "desecrate" St. Patrick's Cathedral. This allegation suffers from the same failure to state a statutory claim as does the rest of the amended complaint. In addition, the Court can discern no grounds upon which plaintiffs may be said to have legal standing to assert claims on behalf of St. Patrick's Cathedral. It is a fundamental legal principle that a party seeking re-lief in a federal court must demonstrate a proper stake in the outcome of a case in order to have standing to be heard. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Plaintiffs have asserted no such stake. The acts of "desecration" of St. Patrick's Cathedral which are alleged to have taken place in the past are few and isolated, and generally appear legally innocuous. Indeed, the only arrests to have occurred at St. Patrick's Cathedral in connection with prior parades were the arrests of plaintiff McCauley and another individual, both of whom were charged with disorderly conduct for attempting to interfere with the 1981 parade. No official of either the Cathedral or the Archdiocese of New York has elected to institute legal proceedings based on any alleged acts of desecration, and plaintiffs have identified no actionable harm to themselves arising from any behavior attributed to defendants on or near the property of St. Patrick's Cathedral.

■ The Court turns finally to what is perhaps the most salient flaw in the amended complaint. That is simply that the relief requested is utterly inconsistent with the rights guaranteed to the organizers and participants in the parade by the First Amendment to the United States Constitution. Peaceful political demonstrations like the Lesbian and Gay Liberation March are a form of speech and expression that is at the core of the First Amendment. *See Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Cohen v. California*, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971); *Gregory v. Chicago*, 394 U.S. 111 (1969); *Shuttlesworth v. Birmingham*, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *Edwards v. South Carolina*, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963). Moreover, it is a basic and essential principle of our consti-

tutional system that unpopularity of expression does not justify infringement upon First Amendment rights. *See Police Department of Chicago v. Mosley,* 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972); *Landmark Communications, Inc. v. Virginia,* 435 U.S. 829, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978); *Nebraska Press Association v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *Organization for a Better Austin v. Keefe,* 402 U.S. 415, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971); *Brandenburg v. Ohio,* 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969); *Kunz v. New York,* 340 U.S. 290, 71 S.Ct. 312, 95 L.Ed. 280 (1951). In particular, there is a strong presumption of unconstitutionality against any prior restraint on freedom to express one's views. *See Nebraska Press Association v. Stuart, supra; Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975); *Carroll v. Commissioners of Princess Anne,* 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968); *Bantam Books Inc. v. Sullivan,* 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963); *Grosjean v. American Press Co.,* 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660 (1936); *Near v. Minnesota,* 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931).

■ In the instant case, plaintiffs ask the Court to block a peaceful demonstration by thousands of participants, or to regulate the content of the views espoused by those participants, based on the possibility that an unidentified handful of participants may engage in unlawful conduct. Under the circumstances, any such injunction by this Court would clearly be unconstitutional.

■ For similar reasons, plaintiffs' request to the Court to alter the scheduled route of the parade so that it will no longer pass in front of St. Patrick's Cathedral is constitutionally invalid. All speech, of course, is subject to time, place, and manner regulation. *See Cox v. New Hampshire,* 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941). The defining characteristic of such regulation, however, is that it be content-neutral. *United States v. Grace,* —

U.S. ——, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983); *Consolidated Edison v. Public Service Commission,* 447 U.S. 530, 535–36, 100 S.Ct. 2326, 2332–33, 65 L.Ed.2d 319 (1980); *Erznoznick v. City of Jacksonville,* 422 U.S. 205, 209, 95 S.Ct. 2268, 2272, 45 L.Ed.2d 125 (1975). Parades of all sorts pass in front of St. Patrick's Cathedral each year. Plaintiffs have offered no reason for altering the route of this particular parade other than their objection to the message of this march and the manner in which that message has been verbalized in the past. Accordingly, the relief they seek is forbidden by the First Amendment.

*Conclusion*

For the foregoing reasons, the private defendants' motion to dismiss the amended complaint is granted in part and denied in part. All claims against the private defendants themselves are dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R.Civ.P. Although the Court has noted that much of the analysis herein applies with equal effect to claims asserted against municipal defendants, the Court will defer any final action on those claims until municipal defendants' own motion to dismiss is fully submitted.

Settle order on notice.