Jose M. TOURON, Plaintiff,

v.

DADE COUNTY, FLORIDA, Defendant.

No. 86–2547–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Jan. 20, 1988.

Jack P. Druckman, Miami Beach, Fla.,
for plaintiff.

Robert A. Ginsburg, Dade County Atty.,
and Carol A. Anderson, Asst. County Atty.,
Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING RULE 11 SANCTIONS

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Defendant's, DADE COUNTY, FLORIDA, Motion for Rule 11 Sanctions.[1] For the following reasons, this Court is GRANTING Defendant's Motion for Sanctions and is directing Plaintiff's attorney, Jack P. Druckman, Esq., to pay to the Defendant a reasonable attorney's fee.[2]

### I. FACTS:

On October 15, 1985, Plaintiff filed a civil action in the Circuit Court of the Eleventh

---

1. Rule 11 Fed.R.Civ.P. states in pertinent part that:

   [t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

2. Although Rule 11 by its own language allows sanctions to be directed against both the attorney and the client, this Court limits its order to Plaintiff's attorney, Jack P. Druckman, Esq. The Court is of the belief that Mr. Druckman should have known the legal infirmities of Plaintiff's complaint. On this record, Plaintiff cannot be held responsible for counsel's con-

Judicial Circuit, Dade County, Florida. Following dismissal with leave to amend both the original complaint and an amended complaint, Plaintiff filed his second Amended Complaint on February 14, 1986, which contained two Counts: slander and civil rights. The complaint alleged that an investigation into a charge that Touron was a follower and practitioner of Santeria resulted in slanderous remarks, a subsequent classification as "undesirable" and denial of job promotions and opportunities. In addition to the common law claims, Plaintiff asserted violations of the first, thirteenth and fourteenth amendments of the United States Constitution, U.S.C.A. Const. U.S.Amends. 1, 13 and 14, Art. I, sections 2, 3 and 4, and Florida Statutes section 760.10, Fla.Stat.Ann. section 760.10 (West 1986). The state court entered Final Summary Judgment for Defendants on April 11, 1986.

On December 15, 1986, eight months after dismissal of his state court lawsuit, Plaintiff file the present complaint, based on the same facts as the state court complaint, in the United States District Court for the Southern District of Florida. The federal action stated identical causes of action as those already dismissed in the state court complaint with the addition of two federal causes of action—violations of 42 U.S.C. sections 1981 and 2000e–2.

On January 5, 1987, Defendant moved for Summary Judgment. Having not heard from Plaintiff for over three months, this Court finally issued an order on April 10, 1987 notifying the parties that the Motion would be taken under advisement as of April 15, 1987, along with all materials in support thereof. This was after Defendants moved for an order granting their Motion by Default. Plaintiff still failed to respond and this Court entered Final Summary Judgment dismissing Plaintiff's complaint with prejudice on May 27, 1987.

Thereafter, on June 17, 1987, Defendant moved for Rule 11 sanctions. Plaintiff failed to respond to Defendant's Motion and this Court, left with no other choice,

finally issued an order on August 14, 1987 directing Plaintiff to show cause why Defendant's Motion should not be granted. Plaintiff finally, although untimely, responded to this Motion on September 9, 1987.

## II. RULE 11 SANCTIONS:

Rule 11, as amended and effective August 1, 1983, is intended to reduce the reluctance of courts to impose sanctions; the courts are permitted to award expenses to a litigant where that litigants' opponent acts in bad faith in instituting or conducting litigation. Advisory Committee Note on 1983 amendments, 97 F.R.D. 165, 198 (April 28, 1983).

Not only are Plaintiff's causes of action asserted in his federal claim either barred by res judicata or otherwise fail to state a claim, but Plaintiff's CAUSE suffers from a total abandonment by his lawyer; Defendant's motions were ignored. It was not until this Court issued an Order to Show Cause Why Defendant's Motion for Sanctions Should Not Be Granted that we finally heard from Plaintiff. Plaintiff's response to this Court's Order cited inapplicable cases; cases decided on the basis of rule 11 before the amendment thereto became effective and otherwise failed to convince this Court why the minimal sanctions requested by Defendant should not be granted.

### i. Res Judicata

▮▮▮ Those causes of action first asserted in the state court complaint and reasserted in Plaintiff's federal complaint are barred by res judicata. There are four elements to res judicata: "(1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits, and (4) the same cause of action must be involved in both cases." *Hart v. Yamaha-Parts Distributors, Inc.,* 787 F.2d 1468, 1470 (11th Cir.1986). The first three elements are easily satisfied: there was a final judgment on the merits rendered by a court of competent jurisdic-

duct. The sanctions requested and awarded are $1,087.50, representing 14.5 hours at $75/hour,

an amount which the Court finds reasonable. *Collins v. Walden,* 834 F.2d 961 (11th Cir.1987).

tion—an order of final summary judgment was entered in Plaintiff's state court action against Plaintiff on April 11, 1986; the same parties are involved in the federal action as were involved in the state action. Those causes of action asserted in the state law complaint and reasserted in the federal complaint are unquestionably the same, thus satisfying the fourth element of res judicata.

In *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030 (9th Cir.1985), *cert. denied*, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986), attorney's fees were awarded based on a finding that the lawsuit was filed in bad faith and for vexatious purposes. The lawsuit therein was a "carbon copy" of plaintiff's previous lawsuits. Here, Plaintiff's federal complaint is also a virtual "carbon copy" of his state law complaint. They are identical except for the two newly asserted although, as explained below, legally insufficient, federal issues. Given the fact that Mr. Druckman represented Plaintiff in both the state action and the present federal action, there is no excuse for his ignorance of the circumstances present here.

*ii. The additional causes of action newly alleged in the federal complaint fail to state a claim*

Plaintiff's complaint alleges two additional causes of action: violations of 42 U.S.C. sections 1981 and 2000e–2. Plaintiff, however, has failed to comply with the prerequisites to maintaining an action for violation of section 2000e–2 as enunciated expressly in the statute. Section 2000e–5(e) requires a charge to be filed with the EEOC after the alleged unlawful employment practice occurred and notice of the charge is to be filed upon the person against whom such charge is made within a designated time. The EEOC is vested with the authority to investigate the charges of discrimination and may thereafter institute a civil action. 42 U.S.C. section 2000e–5(f)(1) (1981). If the Commission is unsuc-

cessful in securing a conciliation agreement acceptable to the Commission and chooses not to sue on the claimant's behalf, the claimant himself, after a specified period of time, may institute a civil action. *Id.* There is nothing in the record to show such compliance; significantly, Plaintiff has not alleged compliance either.

■ Moreover, Plaintiff's claim alleging a violation of 42 U.S.C. section 1981 is misplaced on account of its inapplicability to claims of religious discrimination. Section 1981 is directed at discrimination based on race providing all persons with the same rights as white citizens and it is well settled that section 1981 does not address discrimination based on religious affiliation.[3] *Catholic War Veterans of the United States, Inc. v. City of New York*, 576 F.Supp. 71, 74 (S.D.N.Y.1983). *See also Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 1716 (1975); *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).

Thus, those aspects of Plaintiffs complaint that were not barred by res judicata simply fail to state a claim. In such a situation, sanctions may be imposed. *Cf. Eastway Const. Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985) (sanctions imposed even though no subjective bad faith was found because Plaintiff's claim of an antitrust violation without any allegation of an antitrust injury was destined to fail).

## III. CONCLUSION

■ Contrary to how Plaintiff argues in his Opposition to Defendant's Motion For Rule 11 Sanctions, subjective intent need no longer be shown to justify sanctions under rule 11. *Eastway*, 762 F.2d at 253. Rule 11 imposes an affirmative duty on each attorney to conduct a reasonable in-

---

**3.** 42 U.S.C. section 1981 states in pertinent part: All persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by *white citizens* ... (emphasis added).

quiry into the viability of a pleading before it is signed. *Id.; Collins v. Walden,* 834 F.2d 961 (11th Cir.1987).

In a factually similar context, the Eleventh Circuit recently noted the following which is applicable here:

> where a reasonable search of the discovery conducted incident to the prosecution of a previous case alleging the identical facts and theories would have revealed the impossibility of success, an attorney is under an absolute duty to refuse to litigate the case. This is the situation contemplated by Rule 11's mandate against filing factually groundless complaints.
>
> . . . .
>
> If Rule 11 is to be effective, a District Court Judge, in his or her broad discretion, must be able to impose whatever sanctions appear appropriate to combat the expense, inefficiency and backlog which the judicial process suffers because of wrongfully filed complaints and motions. It is the District Court Judge who sits at this bottleneck and who most accurately perceives the harms which rightful litigants suffer because of Rule 11 violations. No one is better situated to perceive the measure of the sanction necessary to achieve the goals which the rule contemplates.

*Collins v. Walden,* at 965–66. Accordingly, Mr. Druckman is ordered to pay to the Defendant the sum of $1,087.50 within thirty (30) days from the date of this Order.