Clara **FINKELSTEIN**, Plaintiff,

v.

The **CITY OF NEW YORK**, James T. Gorman and George Dirscherl, Defendants.

No. 81 Civ. 183 (JES).

United States District Court, S. D. New York.

May 21, 1982.

Salzman, Ingber & Winer, New York City, for plaintiff; Norman Ingber, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendants; Barbara Peabody, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

In this action for damages pursuant to 42 U.S.C. § 1983, the City of New York moves to dismiss the amended complaint against it pursuant to Rule 12(b)(6) of the Fed.R. Civ.P.[1] The issue presented by defendant City's motion is whether plaintiff's amended complaint[2] contains particularized alle-

1. By order dated September 30, 1981, Judge Lawrence W. Pierce dismissed plaintiff's initial complaint against the City of New York because the complaint failed "to state facts or allegations to support a claim that acts of omission by the City of New York were causally related to the alleged wrongs committed by the defendant officers." Plaintiff was given leave to file an amended complaint. The facts of this case are stated in Judge Pierce's Order and need not be repeated herein.

2. The allegations against New York City raised in the amended complaint are as follows:

That the CITY OF NEW YORK, by its agents, servants and/or employees failed to properly and was grossly negligent in training its police officers in the handling of the mentally ill and the emotionally disturbed people; in that the City of New York has acquiesced as part of an official policy in the use of unnecessary and unreasonable force by the police officers in effectuating arrests and detention of resisting individuals; in that the City of New York failed to make a proper investigation of the charges leveled against it's [sic] police officers; in that the City of New York was grossly negligent in the supervision of its police officers causing a gross violation of the plaintiffs [sic] civil rights; in that there was a causal relationship between the actions of the City of New York and the brutal beating Clara Finkelstein sustained at the hands if [sic] officers Gorman & Dirscherl. That the City of New York, did not, in the case of Clara Finkelstein and has not in cases where individuals in police custody have sustained injury investigated as a matter of course, the nature and extent of the injuries; that the City of New York failed to require its police officers to comply with the applicable provisions of the Mental Hygiene Law in dealing

gations of fact sufficient to meet the standards set forth by the Supreme Court in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and by the Second Circuit in *Turpin v. Mailet*, 619 F.2d 196 (2d Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980).

■ *Monell* made it clear that municipalities may not be held liable under 42 U.S.C. § 1983 based simply on the doctrine of *respondeat superior*. Rather the act complained of must result from an official policy with which the municipality can properly be charged. In construing *Monell* this Circuit has held that the requirements of *Monell* are met if a municipality "impliedly or tacitly authorized, approved or encouraged" conduct that resulted in a constitutional tort. *Turpin*, 619 F.2d at 201.

■ It is likewise clear that complaints alleging a tort against municipalities under 42 U.S.C. § 1983 are not sufficient merely because they meet the liberal standard of notice pleading that applies in most civil cases. *See Smith v. Ambrogio*, 456 F.Supp. 1130, 1136–37 (D.Conn.1978); *cf. Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Instead plaintiff must set forth a more particularized factual pleading specifying "the overt acts relied upon as a basis for the claim that a pattern of unconstitutional actions exists and that the senior officials of the town knew of the unconstitutional actions and encouraged their repetition by inaction." *Smith*, 456 F.Supp. at 1137. The only facts set forth in the amended complaint relate to the one incident [3] in which the plaintiff was involved. This is not sufficient.

with mentally and emotionally disturbed people; in that the City of New York was grossly negligent or deliberately indifferent to the plight of individuals such as Clara Finkelstein; in that the treatment of Clara Finkelstein due to the City's actions was almost inevitable because of lack of training, and lack of emotional treatment of police officers, also taking into consideration the strains of the job. All of the above caused the deprivation of plaintiffs [sic] civil rights pursuant to Section 42 U.S.C. 1983.

3. *Owens v. Haas*, 601 F.2d 1242, 1246 (2d Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62

■ There is no particularized factual support for plaintiff's allegation that plaintiff's injury was caused by any policy of the city, express or implied. The amended complaint refers to conduct of "the City of New York, by its agents, servants and/or employees" without identifying the individuals or the level of decision-making of the individuals whose conduct is alleged to constitute the official policy of New York City "in the use of unnecessary and unreasonable force by the police officers in effectuating arrests and detention of resisting individuals." The amended complaint further alleges that New York City "failed to properly and was grossly negligent in training its police officers in the handling of the mentally ill and the emotionally disturbed people." No particularized facts are set forth to support this allegation. Likewise, the allegations in the complaint concerning the City's failure "to make a proper investigation of the charges leveled against it's [sic] police officers" and the City's gross negligence "in the supervision of its police officers causing a gross violation of plaintiffs [sic] civil rights are conclusory allegations unsupported by any facts.

The amended complaint further alleges that "the City of New York, did not, in the case of Clara Finkelstein and has not in cases where individuals in police custody have sustained injury investigated as a matter of course, the nature and extent of the injuries." However, the only facts set forth concern the incident in which the plaintiff alleges her rights were violated and no other specific incidents are alleged.

L.Ed.2d 407 (1979), held that a single severe beating at the hands of county prison officers was sufficient to establish a link between the county's failure to adequately train its correction officers and the violation of plaintiff's constitutional rights. *Owens*, however, is distinguishable from the instant case, because the circumstances of that case were such that an inference of official condonation and policy could properly be drawn from the nature of the single transaction which formed the basis for plaintiff's complaint. That is not the case here.

Similarly the allegations concerning the City's failure "to require its police officers to comply with the applicable provisions of the Mental Hygiene Law in dealing with mentally and emotionally disturbed people" and the City's gross negligence or deliberate indifference "to the plight of individuals such as Clara Finkelstein" are but of conclusory allegations unsupported by facts.

The same is true with respect to the allegation that "there was a causal relationship between the actions of the City of New York and the brutal beating Clara Finkelstein sustained at the hands if [sic] officers Gorman & Dirscherl" and that "the treatment of Clara Finkelstein due to the City's actions was almost inevitable because of lack of training, and lack of emotional treatment of police officers, also taking into consideration the strains of the job."

Since plaintiff has failed to make the particularized fact pleading necessary to support a cause of action for municipal liability against the City of New York. *Fine v. City of New York*, 529 F.2d 70, 73 (2d Cir. 1975), the City of New York's motion to dismiss this action against it pursuant to Rule 12(b)(6) of the Fed.R.Civ.P. is granted. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.