**Thomas PITT, Plaintiff,**

v.

**The CITY OF NEW YORK, Richard Nagle, James Mugan, Neil Cronin, William Leins, et al., Defendants.**

**No. 82 Civ. 3349 (RWS).**

United States District Court, S.D. New York.

July 19, 1983.

Silk & Bunks, P.C., New York City, for plaintiff; David M. Goldberg, New York City, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City, for defendants; Patricia A. O'Malley, Asst. Corp. Counsel, New York City, of counsel.

## OPINION

SWEET, District Judge.

In this action brought under 42 U.S.C. § 1983, defendant City of New York (the "City") has moved for partial judgment on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative, for partial summary judgment pursuant to Fed.R. Civ.P. 56. For the reasons set forth below, the motion is denied.

According to the complaint, on June 2, 1979, Thomas Pitt ("Pitt") was in Flagherty's Bar in Manhattan. In the early morning hours, defendants James Mugan ("Mugan"), William Liens ("Leins"), Richard Nagle ("Nagle") and Neil Cronin ("Cronin") entered the bar. At the time, Nagle, Cronin and Leins were employed as police officers for the City of New York and Mugan, according to his affidavit, was on disability retirement from the New York City Police Department. Pitt alleges that defendants, upon entering the bar, informed the patrons that they were under arrest. Pitt alleges that defendants, acting in concert, assaulted Pitt and departed without making arrests.

This action was commenced on May 24, 1982 and brought by Pitt to obtain money damages from defendants Mugan, Liens, Nagle and Cronin for injuries allegedly sustained by Pitt during the alleged assault of June 2, 1977. Pitt further seeks to impose municipal liability upon the defendant City of New York.[1] Pitt claims that the City knew or should have known of a pattern of constitutionally offensive acts by police officers in its employ and that the City failed to properly supervise, train or discipline police officers or take other reasonable steps to remedy this alleged misconduct. Pitt alleges that the City, through its deliberate indifference to this pattern, thereby gave its tacit authorization to unconstitutional acts. Pitt also alleges that the City knew or should have known that defendant police officers Mugan, Liens, Nagle and Cronin were prone to excessive violence and, in permitting the defendants to remain in its employ, the City failed to protect Pitt from violations of his civil rights and foreseeable harm.

The City has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The City argues that plaintiffs who assert claims under section

---

1. The Supreme Court held in *Monell v. Department of Social Services of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) that local governments can be sued directly under section 1983 for allegedly unconstitutional acts that are the result of implementing or executing an officially sanctioned policy, ordinance, regulation, or custom. The action sued upon must be taken "pursuant to official municipal policy"; the liability cannot be based solely upon a *respondeat superior* theory. *Id.* at 694, 98 S.Ct. at 2037.

The Second Circuit has held that municipal inaction such as the persistent failure to discipline subordinates who violate civil rights could give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of *Monell. Turpin v. Mailet,* 619 F.2d 196, 201–202 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980).

1983 are required to plead in detail the facts giving rise to the alleged violation of constitutional rights, *see, e.g., Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976); *Fine v. New York,* 529 F.2d 70, 73 (2d Cir.1975); *Finkelstein v. City of New York,* 543 F.Supp. 161, 163 (S.D.N.Y.1982); *Smith v. Ambrogio,* 456 F.Supp. 1130, 1137 (D.C. Conn.1978), and that Pitt's conclusory allegations of municipal liability fail to meet those stringent standards.[2] In particular, the City asserts that the complaint is deficient because it fails to set forth specific prior incidents of police violence to support the allegation of a "pattern of constitutionally offensive acts" by the police officers, and that Pitt's allegation of the City's improper supervision, training and discipline of officers is similarly vague and unsubstantiated.

The City relies upon several court decisions holding that a complaint alleging municipal liability under 42 U.S.C. § 1983 is not sufficient merely because it meets a liberal standard of notice pleading that applies in most civil cases and have instead required plaintiffs to set forth more particularized factual pleadings. *See, e.g., Finkelstein v. City of New York, supra,* 543 F.Supp. at 163; *Smith v. Ambrogio, supra,* 456 F.Supp. at 1137. However, a recent Second Circuit decision, *Batista v. Rodriguez,* 702 F.2d 393 (2d Cir.1983), casts considerable doubt upon the vitality of the particularized pleading rule relied upon by the City.

The Second Circuit noted in *Batista* that a section 1983 complaint against a municipality is subject to the same standard of pleading as are other civil actions. The court stated:

A plaintiff, suing under § 1983, while obligated to make "a short and plain statement" of the essential elements of his claim in his complaint, Fed.R.Civ.P. 8(a), *is not required to set out the facts in detail.* The complaint will survive dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *Owens v. Haas, supra,* 601 F.2d [1242] at 1247; *Escalera v. New York City Housing Authority,* 425 F.2d 853, 857 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970).

*Batista v. Rodriguez, supra,* 702 F.2d at 397 (emphasis added). In order to survive dismissal of a section 1983 action alleging municipal liability, "a plaintiff is required to plead ... three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Id.* at 397.[3]

There is no question but that to hold the City liable here, Pitt will have to prove the allegation of a "pattern of constitutionally offensive acts" by the City.[4] However, at this stage of the litigation, Pitt should have the opportunity to engage in discovery of the municipal defendants. It cannot be

---

**2.** Because the section 1983 action alleged to be unconstitutional in *Monell* was taken pursuant to an express official municipal policy, the Supreme Court has had no occasion to consider the type or quantum of evidence required to support a claim based upon an implicit municipal policy.

**3.** While the court found the complaint in *Batista* deficient because it failed to plead causation, the court also found the allegations of municipal official policy or custom "arguably" sufficient even though no prior incidents were specified in the complaint. *Id.* at 397. It should be noted, however, that the *Batista* complaint did rely upon allegations that the conduct of the municipality's employees had been the subject of prior lawsuits, thus arguably supporting a

claim of municipal "pattern of repeated condonation and even rewarding of conduct." *Id.* at 395 n. 1.

**4.** Pitt may also attempt to prove that the incident alleged was so unusually egregious as to invoke the "single incident" analysis of *Owens v. Haas,* 601 F.2d 1242 (2d Cir.1979). In *Owens,* the court held that the incident need not be part of repeated conduct for the county to be liable under section 1983. Rather, the court held that a single brutal incident may provide a sufficient causal link between the county's gross negligence or deliberate indifference and the deprivation of plaintiff's constitutional rights. *Id.* at 1246–47 (*quoting Leite v. City of Providence,* 463 F.Supp. 585, 590–91 (D.R.I. 1978)).

said at this juncture that Pitt "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).[5] The City's motion to dismiss pursuant to Rule 12(b) is therefore denied and the City may renew its motion for summary judgment on the issue of municipal liability at the close of discovery.

Discovery shall be completed by October 3, 1983 and the pretrial order is due on October 10, 1983.

IT IS SO ORDERED.

---

**5.** On the record before the court on this motion there is nothing to indicate a basis for holding the City liable under a theory of policy or custom, *see, e.g., Batista v. Rodriguez,* 702 F.2d 393 (2d Cir.1983), or under a theory of gross negligence, *see, e.g., Owens v. Haas,* 601 F.2d 1242 (2d Cir.1979). However, a determination of this issue will have to await the close of discovery.