Dennis ROMERO, Plaintiff,

v.

Phil OTERO; Various Officers Doe; Chief of the Albuquerque Police Department; and the City of Albuquerque, Defendants.

Civ. No. 86–0641–JB.

United States District Court, D. New Mexico.

March 26, 1987.

Reber Boult, Timothy Padilla, and Kevin T. Riedel, Modrall Law Firm, Albuquerque, N.M. for plaintiff.

Cornelius J. Finnen, Dorothy C. Sanchez, Albuquerque, N.M., Janet Clow, White Law Firm, Santa Fe, N.M. for defendants.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, District Judge.

THIS MATTER comes before the Court on Defendants' motion in support of certain of their affirmative defenses in which they move to dismiss portions of Plaintiff's Complaint. The Court, having reviewed the pleadings, the evidence of record and the relevant law, finds that Defendants' motions will be granted in part and denied in part.

Plaintiff brings this civil rights action seeking damages under "42 U.S.C. secs. 1983, 1985(3), 1986, and 1988, and the first, fourth, and fourteenth amendments of the Constitution of the United States." Plaintiff also asks this Court to invoke pendent jurisdiction over state law claims arising under the New Mexico Tort Claims Act, § 41–4–12 NMSA 1978 (Repl.Pamp.1986). Plaintiff claims that on May 29, 1984, as he was driving his car in Bernalillo County, Defendants Otero and Doe, officers of the Albuquerque Police Department ["APD"] stopped Plaintiff's car and searched him and his vehicle without legal justification. He claims, *inter alia*, he was threatened, verbally abused, and unlawfully arrested.

## SUFFICIENCY OF PLEADINGS

Defendants first move to dismiss certain of Plaintiff's claims for failure to allege sufficient facts under Federal Rule of Civil Procedure 8(a)(2). This section of the Rule requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Defendants contend that Plaintiff has failed to meet this standard as it applied to Plaintiff's first amendment, equal protection, right to privacy, intentional infliction of emotional distress, slander and battery claims. Consistent with the liberalized pleading requirements of the Federal Rules, a plaintiff need only set forth sufficient facts to provide the defendant with fair notice of the claim and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957); *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1388 (10th Cir.1980). While a detailed listing of facts is not required, general legal conclusions will seldom satisfy the pleader's duty to state the grounds upon which the claim rests. Conclusory allegations are not sufficient to withstand a motion to dismiss when no facts are alleged to support the conclusion. *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977).

In his response to Defendants' motion, Plaintiff states that "[i]t is [his] contention that the complaint states with specificity the acts that violated his rights under the first amendment, equal protection of the laws, right to privacy, intentional infliction of emotional distress, slander and battery." Thus, Plaintiff appears to stand on the facts asserted in his Complaint as supporting his legal theories. The facts offered do support Plaintiff's claims of intentional infliction of emotional distress [1] and battery and are thus sufficient to withstand a motion to dismiss. Even assuming the facts that Plaintiff has pled to be true, however, they fail to support claims for violation of his first amendment and equal protection rights, slander, or his right to privacy. Based upon Plaintiff's Complaint and the position in his brief, the Court finds no basis on which Plaintiff may

---

**1.** This claim, however, will be dismissed on oth-

er grounds. *See infra,* p. 1540.

recover under these claims and they therefore will be dismissed.

## CLAIMS UNDER 42 U.S.C. §§ 1985(3) AND 1986

■ Defendants argue that Plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986 should be dismissed. The Court agrees that Plaintiff has failed to state a claim under these statutes. A § 1985(3) claim requires (1) a conspiracy (2) for the purpose of depriving plaintiff of equal protection of the law, (3) an act in furtherance of the conspiracy and (4) as a result of the conspiracy, the plaintiff was injured. *Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971). Plaintiff has invoked the statute but has failed to plead either who was involved in the conspiracy or the nature of the conspiracy. He also failed to plead that any person's acts were based on racial or other class-based animus. *See id.* at 102, 91 S.Ct. at 1798; *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 834, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983). Having failed to provide even the "bare bones" of a claim under § 1985(3), that claim will be dismissed. As the § 1986 claim is dependent upon a § 1985(3) claim, that claim will also be dismissed. *Williams v. St. Joseph Hospital*, 629 F.2d 448 (7th Cir.1980).

## CLAIMS AGAINST DEFENDANTS CITY OF ALBUQUERQUE & CHIEF OF POLICE

■ In his Complaint, Plaintiff seeks to assert liability against Defendant Chief of Police who he contends was responsible for selecting, screening and training the above officers. "The acts of hiring and inadequately training, supervising, and controlling the defendant officers were negligently done." Complaint, ¶ 9. Similarly, "Defendant City of Albuquerque had the duty of training, supervising, and controlling the other defendants, but, as a result of its custom and policy, negligently and wrongfully failed in this duty." Complaint, ¶ 10.

Defendants move to dismiss the § 1983 claims against these Defendants on the strength of *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). In these cases the Court concluded that the protections of the due process clause are not triggered by a state official's *negligent* act causing unintended injury to life, liberty or property. The Court held that lack of due care "does not approach the sort of abusive governmental conduct that the due process clause was designed to prevent." Especially as applied to supervisory personnel and municipalities where the alleged role in the constitutional deprivation is based on a failure to train and supervise, mere negligent conduct fails to supply the "moving force" behind the violation sufficient to "deprive" a citizen of his constitutional rights. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Even prior to *Daniels* and *Davidson*, a plurality of the Court speculated upon whether a policy of inadequate training can ever meet the "policy" requirement of *Monell*. "[E]ven assuming that such a "policy" would suffice, it is open to question whether a policymaker's "gross negligence" in establishing police training practices could establish a "policy" that constitutes a "moving force" behind subsequent union conduct, or whether a more conscious decision on the part of the policymaker would be required." *City of Oklahoma City v. Tuttle*, 471 U.S. 808 n. 7, 105 S.Ct. 2427, 2441 n. 7, 85 L.Ed.2d 791 (1985). Elsewhere, the Court states, "The fact that a municipal "policy" might lead to "police misconduct" is hardly sufficient to satisfy Monell's requirement that the particular policy be the "moving force" behind a *constitutional* violation. Their must at least be an affirmative link between the training inadequacies alleged, and the particular constitutional violation at issue." *Id.*, n. 8.[2]

---

**2.** Although the Court's dismissal of the Chief of Police and the City on Plaintiff's claims moots Defendants' alternative·argument for dismissal

that one incident does not establish a policy and practice for purposes of § 1983, this Court would be bound by the Supreme Court's holding

This Court is not called upon to decide whether gross negligence or deliberate indifference in training, hiring and supervision is sufficient to state a claim under § 1983. Plaintiff does not contend that the facts support a finding of more than simple negligence.[3] Plaintiff has failed to respond to Defendants' motion to dismiss the § 1983 claims against the Chief and the City on this ground. Under Local Rule 9(h), failure to respond operates as a consent that the motion be granted. Therefore, the § 1983 claims against the Chief and the City will be dismissed.

## PENDENT STATE CLAIMS

Defendants move this Court to dismiss Plaintiff's pendent state claims founded on the New Mexico Tort Claims Act, §§ 41–4–1 et seq. Pendent jurisdiction exists when the state and federal claims derive from "a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Defendants argue that this Court should decline to exercise its discretion to hear Plaintiff's state law claims. The exercise of pendent jurisdiction is discretionary. *Id.* at 726. Among the factors to be considered in determining whether to assume pendent jurisdiction are whether the case will involve needless decisions of state law, whether the state issues will substantially predominate, and the likelihood of jury confusion. *Id.* at 726–27. Pendent jurisdiction is justified, however, by considerations of judicial economy, convenience and fairness to litigants. *Id.* at 726.

Defendants argue that the likelihood of jury confusion is high in this case, because Plaintiff's state and federal law claims present divergent legal theories of relief, as well as different standards of establishing liability. Defendants argue that although negligence might not state a claim under 42 U.S.C. § 1983, *see Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), Plaintiff alleges negligence as a basis for liability under state law. These different theories are not, however, so inherently confusing and difficult as to make the risk of jury confusion high enough to justify declining to exercise pendent jurisdiction in this case, where the state claims and federal claims undeniably are derived from the same incident. Furthermore, if this Court dismisses his pendent state claims, they will be barred by the state statute of limitations applicable to claims brought under the New Mexico Tort Claims Act. *See Estate of Gutierrez by Haney v. Albuquerque Police Department*, 104 N.M. 111, 717 P.2d 87 (Ct.App.), *cert. denied*, 103 N.M. 798, 715 P.2d 71 (1986). Plaintiff's lack of access to state court is also a factor to be considered in determining whether fairness to the litigants requires the discretionary exercise of pendent jurisdiction. *Rheaume v. Texas Department of Public Safety*, 666 F.2d 925, 932 (5th Cir.), *cert. denied*, 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982). In this case, considerations of judicial economy, convenience and fairness to litigants balance in favor of allowing Plaintiff to try all of his lawsuit at one time, in one forum. Defendants' motion to dismiss

in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). The proper inquiry is not necessarily the number of incidents alleged, but whether an official policymaker was responsible for adopting a particular cause of action leading to a constitutional violation.

**3.** Of note is a recent opinion of the Supreme Court where four justices dissented in dismissal of a writ of certiorari as improvidently granted. In *City of Springfield, Massachusetts v. Kibbe*, —— U.S. ——, 107 S.Ct. 1114, 94 L.Ed.2d 293 (1987), Justice O'Connor, writing for the dissenting justices, proceeded to consider the merits of the issue on appeal: namely, whether a city can be held liable under § 1983 for providing inade-

quate police training, and if so, what standard should govern the imposition of such liability. The dissent would have concluded that "[n]egligence in training alone is not sufficient to satisfy the causation requirement of § 1983." Liability would lie "only where the inadequacy of the training amounts to deliberate indifference or reckless disregard for the consequences." *Id.* —— U.S. at ——, 107 S.Ct. at 1121. While this language has no precedential value, it does tend to reinforce the current thinking of many of the circuit courts. *See, e.g., Fiacco v. City of Rensselaer*, 783 F.2d 319, 326 (2d Cir.1986); *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983); *Patzner v. Burkett*, 779 F.2d 1363 (8th Cir.1985).

Plaintiff's pendent state claims, therefore, will be denied.

## TORT CLAIMS ACT

■ Defendants move to dismiss Plaintiff's claim of "negligence" asserted under the Tort Claims Act, arguing that the claim of negligence, without underlying facts to support the claim, cannot by itself state a claim upon which relief may be granted. Defendants recognize that under the New Mexico Supreme Court's interpretation of § 41–4–12,[4] those enumerated acts which were caused by the negligence of law enforcement officers acting within the scope of their duties are actionable. *Methola v. County of Eddy*, 95 N.M. 329, 333, 622 P.2d 234 (1980). Plaintiff, however, fails to connect the asserted negligence to any of the enumerated acts. *See Wittkowski v. State, Corrections Department*, 103 N.M. 526, 529, 710 P.2d 93 (Ct.App.), *cert. quashed*, 103 N.M. 446, 708 P.2d 1047 (1985). Furthermore, as Plaintiff failed to respond to Defendants' argument he consents to dismissal of this claim under Local Rule 9(h).

Plaintiff does address Defendants' argument that intentional infliction of emotional distress is not one of the enumerated acts under § 41–4–12 and therefore fails to state a claim. However, Defendants are correct that the Tort Claims Act does not waive the immunity of law enforcement officers for this cause of action standing alone as a common law tort.

Damages for emotional distress, however, may be recoverable as damages for "personal injury" resulting from one of the enumerated acts. Thus, while the claim will be dismissed as a separate cause of action, it does remain as a potential element of damages under Plaintiff's battery claim, which is an enumerated act, and was not challenged by Defendants. Plaintiff acknowledges this distinction.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. Defendants' motion to dismiss Plaintiff's first amendment, equal protection, right to privacy, and slander claims is granted;

2. Defendants' motion to dismiss Plaintiff's claims under § 1985(3) and § 1986 is granted;

3. Defendants' motion to dismiss Plaintiff's § 1983 claims against Defendants City of Albuquerque and Chief of Police is granted;

4. Defendants' motion to dismiss Plaintiff's state claims of negligence and intentional infliction of emotional distress is granted; and

5. Defendants' motion to dismiss the remaining pendent state claims is denied.

---

4. **41–4–12. Liability; law enforcement officers.**

The immunity granted pursuant to Subsection A of Section 41–4–1 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.