Carpio P. MARTINEZ and Joe G.
Martinez, Plaintiffs,

v.

Nelson CORDOVA, et al., Defendants.

Civ. No. 87–0548–JB.

United States District Court,
D. New Mexico.

Dec. 9, 1987.

Wilbert E.A. Maez, Espanola, N.M., for plaintiffs.

White, Koch, Kelly & McCarthy, P.A., Karen Kilgore, and Bossom & Canepa, P.A., Richard C. Bossom, Santa Fe, N.M., for defendants.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, District Judge.

THIS MATTER comes before the Court on Defendants' brief in support of their affirmative defenses which they have requested be treated as a motion to dismiss part of Plaintiffs' claims. Having reviewed the pleadings, the evidence of record and the relevant law, the Court finds that Defendants' motion is well taken and should be granted.

Plaintiffs, Carpio Martinez and Joe Martinez, brought this damage action against Defendants pursuant to 42 U.S.C. § 1983, for deprivation of rights under the fourth, fifth, and fourteenth amendments of the United States Constitution. Plaintiffs also invoke the Court's pendent jurisdiction to consider claims arising under state law. For the purposes of a motion to dismiss, the material allegations of the Complaint must be accepted as true. *Franklin v. Meredith*, 386 F.2d 958, 959 (10th Cir.1967). The Complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The Court shall construe the pleadings liberally, and if there is any possibility of relief the case should not be dismissed. *Gas-a-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir.1973).

With this standard in mind, the Court has considered the following facts, as alleged in Plaintiffs' inartfully drafted and prolix Complaint. On the evening of January 3, 1987, Plaintiffs went to the Rodeo Club ["Club"] for business reasons, and had a few social drinks. As they were leaving, the owner and operator of the Club approached Plaintiffs and words were exchanged. Although they allegedly tried to avoid a confrontation, Plaintiffs contend patrons and the manager of the Club "ambushed" them. Plaintiffs vaguely refer to an "ambush," but do not describe what happened.

Plaintiffs allege that shortly after the "ambush" occurred, Defendants Cordova, Griego, Valdez, and Romero, Espanola Police Department Officers, arrived at the Club along with Santa Clara Tribal Police Officer Tafoya. Plaintiffs claim they were pinned down on the ground or surrounded by their assailants when the police officers arrived. At this time, the city police officers failed to ask Plaintiffs what happened or conduct an investigation concerning the attack. The police officers refused to listen to Plaintiffs' version of the incident and when Plaintiffs tried to explain, the officers became abusive and used unreasonable force (*i.e.*, choke holds, use of clubs) to arrest Plaintiffs without probable cause, and without advising Plaintiffs of their constitutional rights.

In addition, Plaintiffs allege the arresting officers and jail personnel refused or negligently failed to provide medical attention after Plaintiffs were booked. They also contend their arrests were conducted pursuant to an unwritten custom or policy of the Espanola Police Department which permitted or condoned excessive use of force in arrests. Further, Plaintiffs contend the Chief of the Espanola Police Department and City of Espanola knew or should have known the Defendant Police Officers were not qualified to serve as law enforcement officers, and that the Chief of Police and city failed to adequately screen, supervise and discipline subordinate law enforcement officers.

### Fifth Amendment Claim

■ The due process clause of the fifth amendment provides that: "No person shall be deprived of life, liberty or property without due process of law...." U.S.

Const. amend. V. Plaintiff concedes that none of his claims are intended or implied against federal agencies or officers, therefore, there is no "federal action" to trigger a fifth amendment due process violation. *Junior Chamber of Commerce of Kansas City v. Missouri State Junior Chamber of Commerce,* 508 F.2d 1031, 1033 (8th Cir. 1975). Plaintiffs' fifth amendment claims will be dismissed for failure to state a claim because Defendants are state,[1] not federal officials. The Plaintiffs' due process claims, however, may proceed under the fourteenth amendment which applies to activity by state officials. *See Newsom v. Vanderbilt University,* 653 F.2d 1100 (6th Cir.1981) (the fifth and fourteenth amendments apply to actions of the federal and state governments respectively).

### Claim for Punitive Damages Against the City of Espanola

■ Plaintiffs seek punitive damages against the City of Espanola in Counts I, III, and V for alleged constitutional violations resulting from the Rodeo Club incident. The Supreme Court has clearly stated considerations of history and policy dictate that punitive damages may not be recovered from a municipality under Section 1983. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). Therefore, Plaintiffs' claim for punitive damages against the City of Espanola should be dismissed.[2]

■ Punitive damages, however, are recoverable against municipal officials when sued personally in their individual capacity. *See Smith v. Wade,* 461 U.S. 30, 35, 103 S.Ct. 1625, 1629, 75 L.Ed.2d 632 (1983); *Haile v. Village of Sag Harbor,* 639 F.Supp. 718, 723 (E.D.N.Y.1986). Individual-capacity suits seek to impose person-

al liability upon a government official for actions taken under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). In contrast, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165, 105 S.Ct. at 3105 (citing *Monell v. New York City Department of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)). The Supreme Court has stated that assessing punitive damages against the offending official based on his personal finances is a more effective deterrence to constitutional deprivations than assessing them against a municipality. *Newport* 453 U.S. at 269–70, 101 S.Ct. at 2760–61. Thus, Plaintiffs' claim for punitive damages against Espanola city officials in their individual capacity should not be dismissed because such assessment would not result in imposition of liability upon the city as a governmental entity.

### Section 1983 Negligence Claim

Plaintiffs' claims under Section 1983, the fourth, fifth, and fourteenth amendments are based in part on negligence and gross negligence. Defendants move to dismiss those 1983 claims pursuant to *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed. 2d 677 (1986). In those cases, the Supreme Court concluded the protections of the fourteenth amendment due process clause are not implicated by a state official's negligent act causing unintended loss or injury to life, liberty or property.

In *Daniels,* the plaintiff brought a Section 1983 action alleging negligence on the part of his jailers who left a pillow on the stairs which caused plaintiff to slip and fall. The plaintiff claimed the jailers' negli-

---

**1.** Except for Officer Tafoya who allegedly is employed by Santa Clara Pueblo Tribal Police Department and not the State of New Mexico. Whether Plaintiffs' fifth amendment claim states a valid claim against Tafoya is not an issue now before the Court.

**2.** The Court's order does not disturb Plaintiffs' claim for compensatory damages against the City of Espanola in Counts I, III, and V.

gence "deprived" him of his liberty interest in freedom from bodily injury without due process. The Court rejected this claim, and stated:

> Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.

*Id.* 474 U.S. at 332, 106 S.Ct. at 665.

The *Daniels* principles were extended in the companion case of *Davidson v. Cannon,* 474 U.S. at 344, 106 S.Ct. at 668. There, Davidson, a state prison inmate, informed his jailers that a fellow inmate had threatened him. The prison officials negligently failed to take precautionary measures to protect him from the resulting attack by another inmate. The Court stated that "[a]s we held in *Daniels,* the protections of the due process clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." *Id.* at 348, 106 S.Ct. at 670. Additionally, this Court has stated that especially as applied to supervisory personnel and municipalities where the alleged role in the constitutional deprivation is based on failure to train and supervise, mere negligent conduct fails to supply the "moving force" behind a violation sufficient to "deprive" a citizen of his constitutional rights. *Romero v. Otero,* 678 F.Supp. 1535 (D.N.M. 1987) (citing *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

■ A question of first impression for this Court is whether grossly negligent conduct by state officials triggers a fourteenth amendment due process violation. After a careful reading of *Daniels* and *Davidson,* the Court concludes that such gross negligence does not trigger the protections of the due process clause. The *Daniels* Court overruled *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed. 2d 420 (1981), to the extent it stated that lack of due care by state officials may deprive an individual of life, liberty or property under the fourteenth amendment. 474 U.S. at 328, 106 S.Ct. at 663. The Court reasoned that "deprive" in the due process clause connotes more than a negligent act, and it should not open federal courts to lawsuits where there is no affirmative abuse of power. The Court noted that historically the due process clause has been applied to *"deliberate* decisions" of governmental officials. *Id.* at 331, 106 S.Ct. at 665. (emphasis original).

■ This suggests that the due process clause is similarly not triggered by grossly negligent conduct of governmental officials because such conduct is not "deliberate." One must be mindful, however, that the touchstone of due process is to protect individuals from abuse of governmental power. *Daniels,* 474 U.S. at 331, 106 S.Ct. at 665. Therefore, this Court notes that while gross negligence ordinarily will not result in a "deprivation" in the constitutional sense, there may be circumstances where it implicates the protections of the due process clause when it contains an element of abuse of governmental power.

■ The Court has had difficulty determining what Plaintiffs are alleging in their 58–page abstruse Complaint. The Court, however, has gleaned the following allegations of negligent actions by Defendants from Counts I, III, and V: (1) the arresting officers and jail personnel negligently refused to provide medical assistance; (2) Defendant Guillen and the City of Espanola failed to adequately screen, train, supervise and discipline subordinate law enforcement officers; (3) the City of Espanola and Defendant Guillen breached their duty of care to the public by failing to protect them from the risk of bodily harm; and (4) Defendants acted in a negligent or a grossly negligent fashion by not properly investigating the incident, arresting Plaintiffs without probable cause, using excessive force, and falsely imprisoning Plaintiffs.

**1072**

Plaintiffs' claims in Counts I, III, and V, therefore, should be dismissed to the extent they allege fourteenth amendment constitutional violations under Section 1983 based on Defendants' negligent or grossly negligent conduct. Also dismissed are the portions of these allegations based on recklessness, wanton, and willful conduct because the facts do not establish acts of "deliberate" or intentionally indifferent conduct which deprive Plaintiffs of their constitutional rights. *See Garcia v. City of Albuquerque,* No. 87–0305–SC, slip op. (D.N.M. June 2, 1987) (The court read *Daniels* as requiring intentional or deliberately indifferent conduct as a necessary element of a due process claim). Such conclusory allegations are merely another way of pleading gross negligence and therefore are insufficient to state a claim under Section 1983. Lack of due care by state officials simply does not give rise to a fourteenth amendment due process claim under Section 1983.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs' fifth amendment claims and punitive damage claims against the City of Espanola are dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Plaintiffs' Section 1983 claims are dismissed to the extent they claim negligence and gross negligence by Defendants.