**MADISON FUND, INC., Plaintiff,**

**v.**

**DENISON MINES LIMITED, Baird, Patrick & Co., Inc. and Joseph A. Patrick, Defendants.**

**No. 78 Civ. 6268 (KTD).**

United States District Court,
S. D. New York.

April 2, 1981.
As Amended April 14, 1981.

Hall, McNicol, Hamilton, Clark & Murray, New York City, for plaintiff; Edward J. Boyle, New York City, Gaston Snow & Ely Bartlett, Boston, Mass., of counsel.

Mudge Rose Guthrie & Alexander, New York City, for defendants; William P. Laino and Alan A. Harley, New York City, of counsel.

Fulton, Duncombe & Rowe, New York City, for defendants Baird, Patrick & Co., Inc. and Joseph A. Patrick; George Rowe, Jr. and Thomas J. Killeen, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

In this fraud action under the federal securities laws, plaintiff Madison Fund, Inc. ["Madison Fund"], a publicly held, closed-end investment company, moves for leave to amend its original complaint pursuant to Rule 15(a) of the Fed.R.Civ.P. Plaintiff wishes to add claims for breach of fiduciary duty and additional federal securities law claims against defendants Denison Mines Limited ["Denison"], a publicly held Canadian corporation, Baird, Patrick & Co., Inc. ["Baird Patrick"], a securities broker and dealer, and Joseph A. Patrick, chairman of the board of Baird Patrick. Plaintiff also wishes to add Stuart K. Patrick, president of Baird Patrick, as a party defendant under Rule 21 of the Fed.R.Civ.P.

This action arose out of the October 19, 1978 purchase by Denison of 225,000 shares of common stock of the Freeport Minerals Company ["Freeport"] from plaintiff Madison Fund. Freeport is a Delaware corporation engaged in the mining and processing of minerals. Four days after this purchase, Denison sold all of the 1,516,600 Freeport shares it owned, including the 225,000 shares just acquired from Madison Fund, to Freeport at a substantial profit. Baird Patrick acted as broker for both Madison Fund and Denison in the October 19 transaction.

Madison Fund alleged in its original complaint, filed December 29, 1978, that defendants Denison, Baird Patrick and Joseph Patrick conspired to violate and violated Section 10(b) of the Securities Exchange Act of 1934 [the "Exchange Act"], 15 U.S.C. 78j(b) and Rule 10b–5 promulgated thereunder by failing to disclose material inside information relating to an alleged arrangement between Freeport and Denison. This arrangement allegedly culminated in Freeport's purchase of all its outstanding shares owned by Denison, including those that Denison had just purchased from Madison Fund, at a price of $5.75 more per share than Denison had paid to Madison Fund. Furthermore, according to the complaint, Joseph Patrick, without informing Madison

Fund of his purpose, requested that Madison Fund agree to an early settlement date on the sale of its 225,000 shares of Freeport in order to insure the inclusion of these shares in the sale by Denison to Freeport. Madison Fund alleges that if it had been aware of this conspiracy between defendants to sell Freeport shares at a profit, it would not have sold its Freeport shares to Denison through Baird Patrick at a lower price.

The amended complaint adds several claims against all of the defendants for violations of common law fiduciary duty and of Sections 13(d)(3), 15(c)(1), 18(a) and 20(a) of the Exchange Act. Specifically, Madison Fund alleges in its amended complaint that prior to June 20, 1978, Baird, Patrick & Co., Inc., Joseph A. Patrick, Stuart K. Patrick ["the Patrick Defendants"] and Denison formed a "group" within the meaning of Section 13(d)(3) of the Exchange Act for the purpose of acquiring, holding or disposing of the common stock of Freeport. The failure of Denison to disclose the formation of this group in the Schedule 13D, Madison Fund alleges, was materially misleading and constituted a violation of Sections 10(b) and 18(a) of the Exchange Act. Additional violations by Denison allegedly occurred when it failed to reveal in the schedule its intention to purchase additional shares of Freeport, and falsely stated that it had no arrangement with the Patrick Defendants with respect to Freeport stock. In addition, Stuart K. Patrick's ownership of 2,500 shares of Freeport was never disclosed. The amended complaint further charges Denison with misleading Madison by failing to disclose material "inside" information allegedly provided to it by Stuart Patrick in September, 1978, concerning the value of Freeport stock. Finally, the amended complaint cites the individual Patrick Defendants, including Stuart Patrick who was not named in the original complaint, for breach of their fiduciary duties as stockbrokers and for securities fraud violations.

■ Rule 15(a) provides that leave to file an amended pleading "shall be freely given

when justice so requires." Provided a plaintiff's claims are a proper subject for relief, he ought to be afforded an opportunity to test his claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Absent undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, futility of the amendment or, most important, undue prejudice to the opposing party in allowing the amendment, leave to amend should be granted. *Id.*

The defendants oppose the addition of the § 13(d) claims on the grounds that there exists no facts to substantiate these claims and, in any case, there are no facts obtained through recent discovery to justify an amendment nearly two years after the original complaint was filed. Moreover, defendants assert that no facts have been uncovered to show that either the Patrick Defendants or Denison traded Freeport stock without disclosing material inside information.

■ The arguments by the defendants which address the sufficiency of the amended claims are unavailing on the instant motion. Although an amendment may be denied if the added claims are frivolous, this is not the time to address the merits of the defense. *Grogg v. General Motors Corp.*, 72 F.R.D. 523, 527 (S.D.N.Y.1976). None of the plaintiff's claims here appear to be frivolous.

As to the plaintiff's allegation that a 13D "group" existed, defendants assert that Madison Fund knew of Denison's relationship with Baird Patrick before the original complaint was filed, and has known that Baird Patrick was selling Freeport stock to Denison since 1971. Between 1971 and 1978, two of Madison's presidents, first Edward Merkle and then George Gould, were members of Denison's board. Through them, Madison was made aware of Denison's purchases of Freeport stock.

Any knowledge of Denison's purchases of Freeport stock obtained by Messrs. Merkle and Gould, however, does not necessarily mean they knew of the existence of a 13D "group" for the acquisition of Freeport

shares. In addition, Denison's disclosure in its 13D Schedule that it "reserves the right to make purchases of additional securities of Freeport" does not preclude a Section 13(d) action. This disclosure does not necessarily lead to the conclusion that Madison Fund should have known that Denison was acquiring large blocks of Freeport stock as part of an agreement to sell Freeport shares back at a premium.

Also, defendants' assertion that Denison's failure to disclose that Stuart Patrick owned 2,500 shares of Freeport was clearly immaterial addresses the merits of plaintiff's claim and must await further adjudication.

Defendants next argue that the amendments contradict the original complaint and the focus of discovery conducted to date. The object of the originally alleged conspiracy was to publicize Denison's intended takeover bid in order to encourage Freeport to buy back its shares at a premium. The amended complaint, however, alleges that the real conspiracy was to conceal a purported group.

■ Madison Fund's amended complaint does not radically change the nature of Madison Fund's original complaint. Rather, these additional securities and common law claims arise out of the same series of transactions and simply conform the pleadings to the evidence thus far brought to light by discovery. If a party upon discovery finds that the matters in dispute differ from the original complaint, he is not required to stand upon his initial formulation of claims or defenses. *Nyscoseal, Inc. v. Parke, Davis & Co.*, 28 F.R.D. 24, 25 (S.D.N.Y.1961); *see also*, 3 Moore's Federal Practice § 15.08[2], at 15–71 (2d ed. 1980).

■ Defendants charge that Madison Fund's allegation that Stuart Patrick made use of inside information is frivolous. I disagree. Through discovery, plaintiff learned of Stuart Patrick's possible relationship with Freeport and his undisclosed ownership of 2,500 shares of Freeport.[1] De-

fendants deny Stuart Patrick's alleged status as a financial advisor to Freeport and argue that the inside information allegedly used by Stuart Patrick to prepare an analysis of Freeport's financial potential could have been obtained by any reasonable investor. Both of these points again go to the merits of the complaint and need not be discussed for purposes of deciding the instant motion.

Moreover, because Stuart Patrick, as president of Baird Patrick, has had notice of this action and of the type of conduct on which plaintiff was basing its relief, there is little likelihood that he will be prejudiced by being named a party to this action at this time.

■ Finally, defendants argue that the amended complaint is nothing more than a delay tactic on the part of Madison Fund. Rule 15(a) does not set forth a time limit within which a party may apply to the court for leave to amend. In general, however, mere delay absent a showing of undue prejudice or bad faith does not provide a basis for denying the right to amend. *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973); *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968). In this case, it does not appear the amendments will result in undue delay. The amended claims arise from the same series of events which form the basis of the original claims. It does not appear that the amendments will result in extensive additional discovery or unduly delay the trial.

Plaintiff is entitled to leave to amend. Motion granted.

SO ORDERED.

---

1. Although Patrick's deposition was taken nearly one year before the instant motion was made, this delay alone should not prevent his addition as a defendant.