Dorothy GORDON, Plaintiff,

v.

NEW YORK STATE DORMITORY AUTHORITY, William A. Sharkey, as Executive Director, and John B. Johnson, as Chairman, and their successors in office, Defendants.

No. 82 Civ. 5495(MEL).

United States District Court,
S.D. New York.

June 24, 1983.

Legan & Welsh, Corona, N.Y., for plaintiff.

Plunkett & Jaffe, P.C., New York City, for defendants; Thomas A. Hickey, New York City, of counsel.

LASKER, District Judge.

This action arises from Dorothy Gordon's dismissal from her position as Director of Urban Affairs at the New York State Dormitory Authority ("the Authority") on July 21, 1980. Gordon alleges that she was dismissed because her superiors believed that she intended to become a candidate for political office.

A few months later, Gordon filed an action before another judge of this Court complaining of the dismissal. A motion for preliminary injunctive relief was denied and on June 15, 1982 the action was dismissed without prejudice for reasons which are not stated in the order. This action was filed two months later.

Gordon moves pursuant to Fed.R. Civ.Pr. 15(a) to amend her complaint to, inter alia, add a claim under 42 U.S.C. § 1983 and to increase the ad damnum clause. Defendants oppose the motion on the grounds that Gordon unduly delayed in filing the motion and that the grant of the motion will cause them to suffer prejudice of some unspecified nature.

Leave to amend the pleadings is to be "freely given when justice so requires." Fed.R.Civ.Pr. 15(a). Gordon's delay of three months between the time she filed her complaint and the time she moved to amend is hardly "undue delay." There being no showing of concrete prejudice to defendants as a result of the delay, the motion to amend is granted.

Defendants move pursuant to Fed.R. Civ.Pr. 12(b)(6) to dismiss the complaint on the grounds that (1) Gordon has not alleged that her dismissal was the result of an official custom or policy under *Monell v. New York Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); (2) as a public employee, Gordon's exclusive remedy is in an Article 78 proceeding, which is governed by a four month statute of limitations; (3) the denial of Gordon's motion for a preliminary injunction collaterally estops her from seeking permanent injunctive relief; and (4) laches. The individual defendants seek dismissal on the grounds that New York law precludes suits against Authority personnel in their official capacities.

(1) *Monell, supra,* which governs § 1983 actions against municipalities, is inapplicable to the Authority, because the Authority is not a city agency or authority.

Counsel were asked to address whether the Authority was entitled to immunity under *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and whether the actions of the Authority were state actions. The Authority responded that *Edelman* is inapplicable because the Authority is not a state agency. (Letter of Thomas A. Hickey dated March 17, 1983). The Authority, however, does not take a position on whether its actions constituted state action. (Oral argument, April 20,

1983). Both counsel expressed the view that the Authority is a "hybrid," in some ways like a state agency and in some ways like a private corporation.

The statute creating the Authority denominates it a "body corporate and politic constituting a public benefit corporation." N.Y.Pub.Auth.Law § 1677 (McKinney 1981). The Authority's Board is composed of three public officials and four gubernatorial appointees. *Id.* The primary purpose of the Authority is to acquire and manage property in the name of New York State, and the Authority is permitted to exercise the State's power of eminent domain to acquire property. N.Y.Pub.Auth.Law § 1678.

Under the circumstances, the fact that the State is not responsible for the Authority's torts or its contracts is of little weight. *See Powe v. Miles,* 407 F.2d 73, 82 (2d Cir.1968) (Friendly, J.). The existence of state action depends on whether the State can tell the Authority "not simply what to do but how to do it." *Id.* at 83. In view of the fact that the Authority is a creation of and entirely regulated by statute and by elected or appointed officials, we think state action is present in the Authority's activities. Moreover, it is to be noted that similar authorities are regularly subjected to suit under the Constitution or § 1983. *See, e.g., Wolin v. Port of New York Authority,* 392 F.2d 83, 89 (2d Cir.), *cert. denied,* 393 U.S. 940, 89 S.Ct. 290, 21 L.Ed.2d 275 (1968); *Holmes v. New York City Housing Authority,* 398 F.2d 262 (2d Cir.1968).

■ (2) The fact that, under New York law, Gordon's exclusive remedy may be an Article 78 proceeding is of no relevance to the instant action: the State of New York cannot restrict the right to pursue legitimate claims in federal court. The four month Article 78 statute of limitations is accordingly inapplicable and the present claim is timely because it falls within the three year period of limitations applicable to § 1983. *Pauk v. Board of Trustees,* 654 F.2d 856 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982).

■ (3) The earlier denial of Gordon's motion for a preliminary injunction does not preclude an application for a permanent injunction: the standards for preliminary injunctive relief differ substantially from the standards applicable to permanent injunctions and, in any event, the earlier action was dismissed without prejudice.

■ (4) Defendants' contention of laches fails because no serious showing of prejudice has been made. The expense involved in hiring and training of a replacement, which defendants deem prejudicial, would have been equally necessary if Gordon had filed the action on the date she had been dismissed. Moreover, defendants have been aware of the existence of the dispute since the first action was filed, which occurred only three months after Gordon's dismissal.

■ (5) The argument that the individual defendants should be dismissed because New York law prohibits suits against Authority officials also misses the point that New York law cannot restrict federal rights.

Defendants' motion to dismiss is denied. Plaintiff's motion to amend her complaint is granted.

It is so ordered.