**Derrick McNAIR, Plaintiff,**

v.

**Jacqueline McMICKENS, Joseph Bussetti, Steven Knutsen, and Graciano Gonzales, Defendants.**

No. 85 Civ. 9396 (RLC).

United States District Court, S.D. New York.

March 20, 1987.

David K. Cohen, Patricia Dobberstein, Cahill, Gordon & Reindel, New York City, for plaintiff.

Barbara Lederman, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

JAMES C. FRANCIS IV, United States Magistrate.

This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiff Derrick McNair, an inmate of the Rikers Island Correctional Facility, charges various officials and employees of the New York City Department of Corrections with violating his civil rights. Specifically, Mr. McNair alleges that corrections officers subjected him to religious persecution by desecrating religious articles and preventing him from attending the services of his faith. The plaintiff further asserts that a group of corrections officers severely beat him without provocation.

Mr. McNair now moves pursuant to Rule 15 of the Federal Rules of Civil Procedure to file a Second Amended Complaint. This complaint would add allegations that the alleged offenses resulted from policies or practices for which defendants Jacqueline McMickens as Commissioner of the New York City Department of Corrections, and Joseph Bussetti, as warden of Rikers Island, were responsible. The amendments would also add or correct certain factual allegations and would include one additional corrections officer as a defendant.

The defendants oppose amendment on two primary grounds. First, they contend that the pleading fails to state a claim based on any municipal policy or practice, so that amendment would be futile. Second, they argue that undue prejudice would result from the plaintiff's delay in seeking to amend his pleadings. For the reasons set forth below, these contentions lack merit, and plaintiff's motion to file the Second Amended Complaint is granted.

*Discussion*

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure which states that leave to amend "shall be freely given when justice so requires." In discussing application of this rule, the Supreme Court has stated:

In the absence of any apparent or declared reason—such as undue delay, bad

faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, where a proposed amendment raises a claim that is frivolous or insufficient on its face, it may properly be denied. *See, e.g., Valdan Sportswear v. Montgomery Ward & Co.,* 591 F.Supp. 1188, 1190–92 (S.D.N.Y. 1984). Likewise, a court may deny amendment where the moving party has, without excuse, delayed in seeking relief. *See, e.g., Evans v. Syracuse City School District,* 704 F.2d 44, 47 (2d Cir.1983).

### A. *Futility*

■ The defendants assert that "[t]he normally liberal pleading requirements for civil cases do not apply to claims brought pursuant to § 1983." Memorandum in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint at 6. According to the defendants, the claims against the Corrections Department officials must fail because there is no allegation that they were personally involved in the incidents at issue and because claims of a municipal pattern and practice are not adequately supported by specific factual allegations. Under these circumstances, the defendants argue, liability would necessarily be based on the doctrine of *respondeat superior,* a principle unavailable in actions under section 1983. *See Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

Beginning with its initial premise, this logic is flawed. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the plaintiff in a civil rights action, like the plaintiff in any civil case, must include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Claimed violations of civil rights, unlike claims of fraud, for example, are not subject to special pleading rules. *Cf.* Rule 9, Fed.R.Civ.P. Although a plaintiff must plead each of the legal elements necessary to his claim, that has been done here.

With respect to the claims of religious persecution, Mr. McNair has alleged that his rights were violated as a proximate result of Commissioner McMicken's failure to communicate to corrections officers the substance of regulations pertaining to the exercise of religious beliefs by inmates. Second Amended Complaint at para. 34. Likewise, the plaintiff alleges that Warden Bussetti caused the violation of his rights by failing to communicate and enforce regulations concerning religious observance. *Id.* at para. 35.

■ Inaction by supervisory officials can support an inference that a municipal policy or practice exists. *See Turpin v. Mailet,* 619 F.2d 196, 201 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). Thus, for example, lack of proper training may be so severe that the municipality is found to be deliberately indifferent to the violation of a plaintiff's civil rights. *See Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). The Second Amended Complaint, then, pleads the three elements necessary to a claim of municipal liability: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983).

■ Moreover, even if a policy and practice were not explicitly pled, the Second Amended Complaint sets forth facts from which such a pattern could be inferred. According to Mr. McNair, one corrections officer knowingly desecrated his Qur'an, the holy book of the Islamic faith, and another referred to "Black Muslims always trying to cause trouble." Second Amended Complaint at paras. 14, 20. Moreover, Mr. McNair alleges that still a third corrections officer denied him the opportunity to attend religious services on

four different occasions. *Id.* at para. 33. "[T]he behavior of subordinate prison officials may evidence a failure to train or supervise sufficiently egregious to amount to gross negligence or deliberate indifference on the part of their superiors and the municipality." *Villante v. Department of Corrections*, 786 F.2d 516, 519 (2d Cir. 1986). Such is the case here. Allegations of repeated instances of religious persecution suffice to state a cause of action for violation of section 1983. Whether collateral evidence will support or detract from the claim of a policy or practice is yet to be seen, but the plaintiff is at least entitled to proceed with discovery.

The same conclusion must be reached with regard to the claim that corrections officers used excessive force against Mr. McNair. Again the complaint alleges that the purported failure of Commissioner McMickens and Warden Bussetti to promulgate, communicate, and enforce regulations concerning the use of force caused the violation of the plaintiff's rights. *Id.* at paras. 34, 35. Mr. McNair alleges that his beating was the concerted action of several corrections officers.

■■■ Although an isolated act of excessive force by a single subordinate employee cannot establish a municipal policy, *Villante v. Department of Corrections*, 786 F.2d at 519, such a policy may be inferred from an "unusually brutal or egregious beating administered by a group of municipal employees...." *Turpin v. Mailet*, 619 F.2d at 202. *See also Reed v. Schneider*, 612 F.Supp. 216, 222 (E.D.N.Y.1985). The reason for this distinction is apparent: isolated acts may be presumed to be aberrant, but a violent act by a group of employees implies a wider understanding that an official policy encouraging or condoning the use of such force exists. The allegations of the use of excessive force here, then, are sufficient to state a claim of municipal liability.

The case law cited by the defendants is largely inapposite. In *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), for example, the Supreme Court based its determination not on the adequacy of the pleadings but rather on the scope of the jury instructions concerning the alleged policy and practice. Finding that the instruction permitted the jury to infer a policy from no more than a single isolated incident, the Court overturned the verdict in favor of the plaintiff. *Id.* at 824, 105 S.Ct. at 2437. Yet, as indicated above, Mr. McNair's claims do not reduce to a mere allegation of *respondeat superior*, and so they are not subject to dismissal on the authority of *Tuttle*.

Similarly, a number of cases cited by the defendants concern the failure of a civil rights plaintiff either to sustain his burden at trial or to submit facts sufficient to survive a motion for summary judgment. *See, e.g., Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir.1985), *cert. denied*, — U.S. —, 107 S.Ct. 1369, 94 L.Ed.2d 685 (1987) (failure of proof at trial); *Batista v. Rodriguez*, 702 F.2d at 399 (same); *Arancibia v. Berry*, 603 F.Supp 931, 934–35 (S.D.N.Y.1985) (summary judgment); *Feldman v. City of New York*, 493 F.Supp. 537, 538–39 (S.D.N.Y.1980) (same). These cases are of limited value in assessing whether the pleadings here are sufficiently detailed to state a claim of municipal liability. Since little discovery has been taken here, it would certainly be premature to determine the adequacy of the plaintiff's claims by reference to information outside the pleadings. *See Villante v. Department of Corrections*, 786 F.2d at 521.[1]

Finally, the defendants rely on cases implying that a civil rights plaintiff must plead specific details in support of a claim of municipal liability. *See, e.g., Finkelstein v. City of New York*, 543 F.Supp. 161, 163 (S.D.N.Y.1982); *Smith v. Ambrogio*, 456 F.Supp. 1130, 1136–37 (D.Conn.1978).

---

1. Accordingly, the Affidavit of Kenneth Hoffarth dated December 31, 1986, which details the defendants' accommodations to Muslim inmates, cannot at this stage preclude the plaintiff's claims of religious persecution, and a summary judgment determination would be premature.

Yet, as the court observed in *Pitt v. City of New York*, 567 F.Supp. 417, 419 (S.D.N.Y. 1983), after these cases were decided, the Second Circuit rejected any notion that civil rights plaintiffs are subject to special pleading requirements. Rather, such litigants must meet the standard applicable to all civil actions:

> A plaintiff suing under § 1983, while obligated to make "a short and plain statement" of the essential elements of his claim in his complaint. Fed.R.Civ.P. 8(a), *is not required to set out the facts in detail.* The complaint will survive dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *Owens v. Haas, supra*, 601 F.2d [1242] at 1247; *Escalera v. New York City Housing Authority*, 425 F.2d 853, 857 (2d Cir.), *cert. denied*, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970).

*Battista v. Rodriguez*, 702 F.2d at 397 (emphasis added). Here, the Second Amended Complaint meets this requirement: it alleges the elements necessary to state a claim against the defendants based on a policy or practice causing violation of the plaintiff's constitutional rights. Accordingly, amendment of the complaint is not futile.

### B. *Delay*

■ In the alternative, the defendants argue that amendment should be denied because the plaintiff delayed unduly in bringing his motion. Yet delay alone is an insufficient basis for denying amendment of pleadings. *Madison Fund, Inc. v. Denison Mines Ltd.*, 90 F.R.D. 89, 92 (S.D.N.Y. 1981); *United States v. International Business Machines Corp.*, 66 F.R.D. 223, 228 (S.D.N.Y.1975). Here, a period of two and one-half months elapsed between the time that counsel appeared on behalf of the plaintiff and their presentation of the instant motion to amend the complaint. Whether warranted or not, a hiatus of this length cannot be characterized as "undue delay." *See Gordon v. New York State Dormitory Authority*, 565 F.Supp. 143, 144 (S.D.N.Y.1983) (three month delay is hardly undue delay). Furthermore, plaintiff's counsel have described the difficulty of communicating with their incarcerated client, and the facts set forth fully justify the short delay that has occurred here. *See* Memorandum in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiff's Motion for Leave to File an Amended Complaint at 2–3.

■ Finally, the defendants have failed even to allege that the plaintiff is acting in bad faith or that the delay has in any way prejudiced them. In the absence of such a showing, a motion to amend will normally be granted. *Id.* at 144; *Madison Fund, Inc. v. Denison Mines Ltd.*, 90 F.R.D. at 92. Where, as here, the delay is minimal, a more compelling showing would be necessary, yet the defendants have not offered a single fact from which bad faith or prejudice could be inferred. The defendants' objections to amendment of the complaint therefore lack merit.[2]

### *Conclusion*

For the reasons set forth above, the plaintiff's motion to amend the complaint is granted. Plaintiff shall serve and file the Second Amended Complaint within ten (10) days of the date of this memorandum and order.

SO ORDERED.

---

2. The defendants also argued that the proposed amendments added nothing to the complaint and should be rejected on that basis. This contention is belied by the Second Amended Complaint which, among other things, explicitly adds claims of municipal policies and practices that were not included in the Amended Complaint.