Allen **HODGE**, Plaintiff,

v.

Madelyn **RUPERTO**, et al., Defendants.

No. 85 Civ. 6272 (WCC).

United States District Court,
S.D. New York.

June 13, 1990.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff; Beth Herstein, of counsel.

Victor A. Kovner, Corp. Counsel, New York City, for defendants; Joseph Portela, Asst. Corp. Counsel, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Allen Hodge, an inmate at the Auburn Correctional Facility in Auburn, New York, brings this action pursuant to 42 U.S.C. § 1983 alleging deprivations of his eighth and fourteenth amendment rights. Plaintiff seeks compensatory and punitive damages against defendants Officers Israel Colon and Madeline Ruperto, Sergeant Thomas Punell of the 43rd precinct, unnamed police officers and police assistants of the 43rd Precinct ("John Does"), William Conroy, Patrick Murphy, Robert McGuire, Edward I. Koch, and the City of New York ("City"). This action is currently before the Court on the motion of certain defendants[1] to dismiss the second amended complaint pursuant to Rule 12(c) or 56, Fed.R.Civ.P. Certain defendants also claim that service upon them violated Rule 4(j), Fed.R.Civ.P. For the reasons stated below, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff was arrested on February 11, 1983 at 10:00 p.m. in the Bronx by Officers Ruperto and Colon in connection with a series of crimes for which plaintiff was ultimately convicted and is currently serving his sentence. Officers Ruperto and Colon brought plaintiff to the 40th precinct, to which they were assigned, for post-arrest processing, to Lincoln Hospital for x-rays, to Central Booking for photographs and fingerprints, and finally to the 43rd precinct for pre-arraignment detention. Plaintiff claims that his eighth and fourteenth amendment rights were violated because 1) he was detained for two-and-one-half days at the 43rd precinct in an overcrowded, unsanitary and cold cell prior to his arraignment, 2) he was denied necessary medical treatment, and 3) he was not allowed to contact his family or his lawyer.

## DISCUSSION

### 1. Standard For Judgment on the Pleadings

The moving defendants move for judgment on the pleadings, or in the alternative, for summary judgment on plaintiff's claims. Although both parties have sub-

---

1. The moving defendants are Colon, Ruperto, Murphy, McGuire, Koch and the City.

mitted some matters outside the pleadings, the court has disregarded them because, to this Court's knowledge, little or no discovery has been conducted in this action.

Judgment on the pleadings is appropriate where the material facts are undisputed and where a judgment on the merits is possible merely upon consideration of the pleadings. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2nd Cir.1988). The standards governing judgment on the pleadings under Rule 12(c) are the same as those governing a motion to dismiss under Rule 12(b)(6). *See George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2nd Cir.1977). The Court must accept as true all the well pleaded facts of the complaint and may not dismiss the action unless the court is convinced that the plaintiff can prove no set of facts which would entitle him to relief. *See Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57 (2nd Cir. 1985); *Dahlberg v. Becker*, 748 F.2d 85, 88 (2nd Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

### 2. Section 1983 Claims

#### A. The City

In order to prevail under 42 U.S.C. § 1983, a plaintiff must prove that 1) he was deprived of a right secured by the federal Constitution, or by federal law and 2) the defendant acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Green v. Maraio*, 722 F.2d 1013, 1016 (2nd Cir.1983). Because several of plaintiff's claims fail to allege a violation of a constitutional or federal statutory right, these claims must be dismissed.

■■■ The second amended complaint alleges that "at or about the time of Hodge's pre-arraignment detention, there existed a practice or policy at NYPD of holding arrestees for unnecessarily long periods of time prior to arraignment." Second Circuit case law, however, establishes that a two-and-one-half-day detention, as occurred in the present case, is not unconstitutional. *Williams v. Ward*, 845 F.2d 374 (2nd Cir. 1988), *cert. denied*, 488 U.S. 1020, 109 S.Ct.

818, 102 L.Ed.2d 807 (1989) (upholding a seventy-two hour pre-arraignment detention period). Plaintiff also alleges an unconstitutional City policy whereby "arrestees were often sent back and forth between precincts and Central Booking." However, officers Colon's and Ruperto's actions in taking plaintiff to the 43rd precinct for pre-arraignment detention also involve no constitutional violation. *Williams v. Ward*, 845 F.2d 374; *Figueroa v. Kapelman*, 526 F.Supp. 681 (S.D.N.Y.1981). Plaintiff furthermore alleges that pursuant to practice and policy, "arrestees were not allowed to contact their families, friends, or their attorneys during pre-arraignment detention." However, as defendant argues and plaintiff concedes, there is also no constitutional requirement that a detainee be permitted a telephone call upon completion of booking formalities. *See State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1145 (7th Cir.1983), *cert. denied*, 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 686 (1983); *see also O'Hagan v. Soto*, 725 F.2d 878 (2nd Cir.1984). As a matter of law, these allegations fail to state a claim upon which relief can be granted and are therefore dismissed.

■■■ Pre-arraignment detainees are, however, entitled to "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *See Lareau v. Manson*, 651 F.2d 96, 106 (2nd Cir.1981); *see also Robles v. Coughlin*, 725 F.2d 12, 15–16 (2nd Cir.1983). Plaintiff has therefore stated a claim for violation of his fourteenth amendment rights by his allegations that he was not provided any food or water during his two-and-one-half days of confinement, that he had to sleep on a steel frame without a mattress, that the sanitation facilities were so filthy he was unable to use them and that he was denied access to necessary medical care.

■■■ It is well established, however, that a municipality or municipal agency may not be held liable pursuant to section 1983 for the alleged wrongful conduct of its employees based solely on a theory of respondeat superior. *Monell v. Department of Social*

*Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Turpin v. Mailet*, 619 F.2d 196, 199 (2nd Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). A plaintiff must plead and prove that the actions at issue were caused by an official agency policy or practice which resulted in the violation of plaintiff's constitutional rights. *Monell*, 436 U.S. at 691–94, 98 S.Ct. at 2036–37; *Batista v. Rodriguez*, 702 F.2d 393, 397 (2nd Cir.1983).

The moving defendants contend that plaintiff's second amended complaint fails to contain particularized allegations of official custom or policy, and therefore must be dismissed. However, the Second Circuit Court has stated in section 1983 actions that "while [a plaintiff is] obligated to make a 'short and plain statement' of the essential facts, [a plaintiff] is not required to set out the facts in detail." *Batista*, 702 F.2d at 397; *McNair v. McMickens*, 115 F.R.D. 196, 200 (S.D.N.Y.1987).

■ Plaintiff alleges in his second amended complaint that he was subjected to unconstitutional conditions of confinement pursuant to "a practice and policy at NYPD ... of subjecting [arrestees] to otherwise intolerable conditions of confinement." Second Amended Complaint at ¶ 29. A municipal policy that permits or tolerates unconstitutional acts by city employees is a basis for municipal liability under section 1983 when it is serious enough to amount to gross negligence or deliberate indifference to the plaintiff's constitutional rights. *See Sarus v. Rotundo*, 831 F.2d 397 (2nd Cir.1987); *Fiacco v. City of Rensselaer*, 783 F.2d 319 (2d Cir. 1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987); *Turpin*, 619 F.2d at 200. "[T]he behavior of subordinate prison officials may evidence a failure to train or supervise sufficiently egregious to amount to gross negligence or deliberate indifference on the part of their superiors and the municipality." *Villante*

*v. Department of Corrections*, 786 F.2d 516, 519 (2nd Cir.1986).

Defendant argues that the second amended complaint alleges no more than a single incident of errant behavior which is not sufficient to impose liability against a municipality unless there is also proof that the incident was "caused by an existing, unconstitutional municipal policy." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (plurality opinion); *id.* at 833, 105 S.Ct. at 2441 (Brennan, J., concurring). The Second Circuit Court has also stated that "the existence of a policy of nonsupervision amounting to deliberate indifference to constitutional rights cannot be established by inference solely from evidence of the occurrence of the incident in question." *Fiacco*, 783 F.2d at 328 (citations omitted); *see also Sarus*, 831 F.2d at 402; *Turpin*, 619 F.2d at 202.[2]

In *Turpin*, the Second Circuit Court stated that "absent more evidence of supervisory indifference, such as acquiescence in a prior pattern of conduct, a policy [may] not *ordinarily* be inferred from a single incident." *Turpin*, 619 F.2d at 202. (emphasis added). The *Turpin* court, however, also stated that it was conscious of "that unusual type of case where particularly egregious conduct by a group of officers warrants an inference of official acquiescence" even though only one unconstitutional act was alleged. *Id.* at 204. The court, specifically referring to *Owens v. Haas*, 601 F.2d 1242, 1246 (2nd Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979), explained that "a single, unusually brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference or "gross negligence" on the part of the officials in charge." *Id.* at 202.

---

**2.** None of these cases dealt with the adequacy of pleadings in a section 1983 case. The issues raised were, for example, the adequacy of jury instructions on municipal liability, *see Tuttle,*

471 U.S. 808, 105 S.Ct. 2427, or whether plaintiff sustained his burden at trial of proving municipal liability, *see Turpin*, 619 F.2d 196.

■ Plaintiff's claim that a number of officers deprived him of food and water for two-and-one-half days and confined him in an overcrowded and unsanitary cell charges conduct sufficiently egregious to allow a reasonable inference of inadequate supervision amounting to deliberate indifference to plaintiff's constitutional rights. In *Tuttle*, the Supreme Court rejected jury instructions which allowed the jury to infer the existence of a municipal policy based on inadequate training based solely on the use of excessive force by a single officer in response to a report of a robbery in progress. Unlike *Tuttle*, plaintiff here alleges more than an isolated act by a single employee. In *Villante*, 786 F.2d at 522, the Second Circuit Court noted that the plaintiff's claim of inadequate training was strengthened by evidence that other officers were present when the violation occurred. Drawing all reasonable inferences in plaintiff's favor, the allegedly unconstitutional conditions were presumably experienced by all those in the holding cell and a number of officers over a three-day period would have been aware of the overcrowding and the lack of food and water.

Plaintiff is entitled to conduct discovery to attempt to substantiate his claim that a policy of intolerable holding cell conditions and denial of proper medical treatment existed. Based on the allegations in plaintiff's second amended complaint, it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The moving defendants' motion for judgment on the pleadings is therefore denied.[3]

### B. Municipal Defendants Koch, McGuire and Murphy

■ Plaintiff alleges that then-Mayor Edward Koch, then-Police Commissioner Robert J. McGuire and then-Chief of Operations Patrick J. Murphy were "responsible for the policies, customs and practices of the NYPD." The mere fact that the defendant occupies a position of high authority is alone insufficient, absent a showing of some direct participation, knowledge or reason to suspect on the part of the defendant, to impose personal liability. *Rizzo v. Goode*, 423 U.S. 362, 370–71, 377, 96 S.Ct. 598, 603, 607, 46 L.Ed.2d 561 (1976); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2nd Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). Plaintiff does not allege that these three defendants actively participated in, encouraged or directed the acts which allegedly took place at the 43rd precinct. However, government officials may be held liable under section 1983 for omissions which lead to the violation of constitutional rights, as well as overt activity which violates such rights. *See Doe v. New York City Dept. of Social Serv.*, 649 F.2d 134, 141 (2nd Cir. 1981), *reaff'd*, 709 F.2d 782 (2nd Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *Duchesne v. Sugarman*, 566 F.2d 817, 832 (2nd Cir.1977). Furthermore, "[p]rison supervisory officials ... have a duty to make reasonable inquiries into the activities of their subordinates and the conditions of the inmates held in their custody." *Villante*, 786 F.2d at 519; *Doe*, 649 F.2d at 141.

■ Plaintiff argues that the failure of the City officials and the supervisors responsible for the precinct to supervise the conditions of the holding cells amounted to deliberate indifference, thereby supporting a claim under section 1983. An inference of deliberate indifference may be drawn from plaintiff's allegations of intolerable holding cell conditions over a three-day period and of the inactivity of defendants Koch, Murphy and McGuire in the face of such conditions, of which they knew or had reason to know. The Court therefore denies the request to dismiss the action against Koch, Murphy and McGuire.

---

3. While punitive damages are recoverable against individual officials in section 1983 actions, *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *Haile v. Village of Sag Harbor*, 639 F.Supp. 718 (E.D.N.Y.1986), plaintiff cannot recover punitive damages against the City. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269–70, 101 S.Ct. 2748, 2760–61, 69 L.Ed.2d 616 (1981).

### C. Defendants Colon and Ruperto

Plaintiff's complaint does not allege that Officers Colon and Ruperto, who were assigned to the 40th precinct, had any knowledge of or involvement in any of the conditions or practices at the 43rd precinct. Therefore, they cannot be held responsible for any claims resulting from the conditions of plaintiff's confinement. Second, as discussed previously, Colon's and Ruperto's actions in arresting the plaintiff and transporting him, in sequence, to the 40th precinct, Lincoln Hospital, Central Booking and the 43rd precinct, involve no constitutional violation.

Plaintiff has, however, stated a claim against these two officers under the fourteenth amendment for lack of proper medical attention. The due process clause of that amendment, not the eighth amendment, applies to constitutional claims of pretrial detainees and others not yet adjudged. *Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). While declining to define the scope of due process protection, the Supreme Court has indicated that the due process rights of one who has not been adjudged guilty are at least as great as the eighth amendment protections available to a convicted prisoner.[4] *Revere*, 463 U.S. at 244, 103 S.Ct. at 2983; *Bell*, 441 U.S. at 535, 99 S.Ct. at 1871.

█ Due process protection has been reserved for "injuries which are serious or which the jail authorities have reason to suspect may be serious." *Zeno v. Crop-per*, 650 F.Supp. 138 (S.D.N.Y.1986) (quoting *Matzker v. Herr*, 748 F.2d 1142, 1147 n. 3 (7th Cir.1984)); *Quick v. Short*, 87 Civ. 695, 1990 WL 29427 (S.D.N.Y. March 13, 1990). In his complaint, plaintiff claims that although x-rays were taken at Lincoln Hospital, Officers Colon and Ruperto removed him from Lincoln Hospital before the x-ray photographs were examined and his physical injuries could be assessed and treated. Plaintiff's allegation that the x-rays taken at Lincoln Hospital revealed serious physical injuries which were not promptly treated suffices to state a claim under section 1983.[5]

### 3. Service in Accordance with Rule 4(j)

█ Fed.R.Civ.P. 4(j) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint and the party cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice." The second amended complaint in this action, which added defendants Colon, Conroy, Murphy, McGuire, Koch and City, was filed by plaintiff's attorney on November 24, 1989. Rule 4(j) thus required service by March 24, 1990.

The complaint was served by mail on the Office of the Commissioner of the New York City Police Department on behalf of McGuire on or about April 11, 1990. The complaint was served by mail on the New York City Police Department on behalf of Murphy and Conroy on or about April 12, 1990.[6] Plaintiff's attorney offers no expla-

---

**4.** In order to state a section 1983 claim under the eighth amendment, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Archer v. Dutcher*, 733 F.2d 14, 15 (2nd Cir.1984).

**5.** Inexplicably, plaintiff's attorneys state in their memorandum of law that "the x-rays revealed that Hodge had broken ribs and needed medical attention." The second amended complaint claims only that plaintiff suffers from a painful leg and joint condition and defendants annex to their reply papers in support of their motion to dismiss an x-ray report, dated February 12, 1983, which states, "[t]here is no evidence of fracture or other significant abnormalities" to plaintiff's ribs. However, as explained earlier, since plaintiff has not yet commenced discovery in this case, summary judgment would be premature. *See Villante*, 786 F.2d at 521; Fed.R. Civ.P. 12(f). Despite the x-ray report, plaintiff is entitled to conduct discovery to obtain evidence to support his claim that he suffered injury serious enough to warrant immediate medical attention. Defendants may renew their motion for summary judgment at the close of discovery if plaintiff is unable to substantiate this claim.

**6.** Defendants claim upon information and belief that Colon has not been served with the second

nation for the reason the complaint was not served until nearly five months after the second amended complaint was filed and two weeks after certain defendants moved to dismiss the case based in part on Rule 4(j). Accordingly, plaintiff's claim against defendants McGuire, Murphy, and Conroy is dismissed without prejudice.[7]

### 4. Statute of Limitations

Defendants argue that plaintiff's second amended complaint is time barred against defendants Colon, Murphy, McGuire, Koch and the City. Plaintiff was arrested on February 11, 1983 and detained from February 11, 1983 until February 14, 1983. In New York, the statute of limitations applicable to a section 1983 action is three years. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 580–82, 102 L.Ed.2d 594 (1989); *Pauk v. Board of Trustees of City of Univ. New York,* 654 F.2d 856 (2nd Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). Since plaintiff does not claim that he was unaware of his injuries while he was held and the conditions of confinement were certainly known to him on February 14, 1983, the statute of limitations expired by February 14, 1986.

On August 13, 1985, plaintiff commenced this action by filing a complaint naming as defendants Ruperto, Punell and "John Does of the 43rd precinct." Only Ruperto was served with plaintiff's *pro se* summons and complaint, which did not allege an unconstitutional municipal policy.

On June 16, 1986, approximately four months after the statute of limitations period had expired, plaintiff moved for an order granting him permission to amend his complaint to allege an unconstitutional mu-

nicipal policy and to add the "Police commissioner of the Police Department of New York City," the "inspector, of the Police Department of New York City," and "the County of the Bronx" as defendants. On October 21, 1986, plaintiff's motion to amend his complaint was granted. Plaintiff failed to serve the first amended complaint on any of the original or added defendants.

Counsel was appointed for plaintiff on July 27, 1989. He received permission to file a second complaint, which was served on Ruperto on November 30, 1989. Plaintiff also added as defendants Colon, Conroy, Murphy, McGuire, Koch and City.[8] The Corporation Counsel accepted service on behalf of Ruperto, Koch and the City only. Defendants claim that plaintiff did not place the newly-added defendants on notice that they were possibly liable within the statute of limitations period. The newly-added defendants further claim prejudice due to the seven-year time lapse between the second amended complaint and the actions which allegedly gave rise to it.

■ Under Fed.R.Civ.P. 15(c), an amendment adding a defendant to a complaint relates back to the original pleading date only if the new defendant (1) has received such notice of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake in identity,[9] that the action should have been brought against him. *See Chimapan v. V.A. Hosp. at Montrose,* 894 F.2d 557 (2nd Cir.1990). In order to apply the doctrine of relation back under Rule 15(c), the party to be added must have received notice of the action before the statute of

amended complaint. If this turns out to be accurate, Colon may move to dismiss the case against him based on Rule 4(j).

**7.** Although Conroy is a non-moving defendant, the Court can dismiss the motion against him upon its own initiative with notice to such parties. *See* Fed.R.Civ.P. 4(j).

**8.** Although the addition of the *Monell* claims increases the complexity of the case and the scope of proof involved, this court finds that plaintiff's *Monell* claims "arose out of the con-

duct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" as required by Rule 15(c). Both the *Monell* claims contained in the first and second amended complaint and the claims in plaintiff's original complaint arise from the allegedly unconstitutional conditions of the holding cell and the denial of medical treatment.

**9.** Although Rule 15(c) specifies that it applies in cases of mistaken identity, it has not been limited to cases of "misnomer." *See Hampton v. Hanrahan,* 522 F.Supp. 140, 144 (N.D.Ill.1981).

limitations has run. *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

The newly-added defendants argue that they were not placed on notice of their possible liability within the statute of limitations period. It is undisputed that the new defendants did not receive actual notice of this action before the statute of limitations expired. Plaintiff claims that because the Corporation Counsel has discretion to represent City and City agency employees in cases relating to their job-related actions and the responsibility to represent the City and City agencies, the new defendants received sufficient notice. This Court must therefore determine whether the new defendants can be charged with constructive notice of the action based on the knowledge of their attorney.

A number of courts have held that "knowledge of a lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represented the officials originally sued." *See Du-Pree v. Walters*, 116 F.R.D. 31, 34 (S.D.N.Y.1987); *Morrison v. LeFevre*, 592 F.Supp. 1052, 1057–58 (S.D.N.Y.1984); *Davis v. Krauss*, 93 F.R.D. 580 (E.D.N.Y.1982). In *Williams v. Ward*, 553 F.Supp. 1024 (W.D. N.Y.1983), for example, the district court held that the addition of the Commissioner of the Department of Correctional Services as a defendant, after the statute of limitations had run, related back to the original *pro se* complaint filed against two prison doctors and the superintendent of the prison because of the Attorney General's knowledge of the lawsuit.

 The recent case of *Gleason v. McBride*, 869 F.2d 688 (2nd Cir.1989), however, requires an additional showing before an attorney's knowledge can be imputed to the new defendant. In *Gleason*, the Second Circuit Court stated, "[i]n order to support an argument that knowledge of the pendency of a lawsuit may be imputed to a defendant or set of defendants because they have the same attorney(s), there must be some showing that the attorney(s) knew that the additional defendant would be added to the existing suit." *Id.* at 693. In

determining whether such a showing had been made, the court framed the relevant inquiry as whether the attorneys "knew or should have known" that the additional defendants would be added within the statute of limitations. *Id.*

This Court determines that the Corporation Counsel should have known that the additional defendants would be added to the lawsuit. In his original complaint, plaintiff alleged that an arresting officer, unnamed officers at the precinct, and the desk sergeant at the precinct had subjected him to unconstitutional holding cell conditions and had not provided him with proper medical attention. Given the allegations in the complaint, the number of defendants joined and the complaint's *pro se* nature, the Corporation Counsel should have known that the additional municipal defendants and the City would be added as defendants. Unlike the *pro se* complaint in *Gleason*, it does not appear that the complaint here selectively named the parties plaintiff intended to sue. Their omission from the original complaint was more likely due to plaintiff's unfamiliarity with the causes of action available to him and his lack of knowledge of the identity of the persons he alleges were responsible.

This Court disagrees with defendants' contention that the newly-added defendants are prejudiced if plaintiff's claims against them are held to relate back to the original complaint. With respect to the claims against Colon, there can be no prejudice because the facts giving rise to the claim are similar, if not identical, to those giving rise to the claim against Ruperto in the original complaint. With respect to claims of prejudice by the other defendants, while it may be true, as defendants assert, that some witnesses are no longer city employees, defendants have not argued that it would be difficult or impossible to locate them. Furthermore, while defendants claim that it is likely that there may have been a loss of records or other pertinent data relating to holding cell conditions, defendants have pointed to no such records.

**882**

## CONCLUSION

For the foregoing reasons, the second amended complaint is dismissed without prejudice against defendants McGuire, Murphy and Conroy because service was not completed within the time period mandated by Rule 4(j). Defendants' motion is denied in all other respects.

SO ORDERED.